Filed 11/15/13  County of San Diego Dept. of Child Support Services v. Maki CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| COUNTY OF SAN DIEGO DEPARMENT OF CHILD SUPPORT SERVICES, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CHRISTOPHER ALEX MAKI, <br><br> Defendant and Respondent. | D061443 <br><br><br> (Super. Ct. No. DF128247) |


APPEAL from an order of the Superior Court of San Diego County, Kelly Doblado, Judge.  Reversed.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez, Marina L. Soto and Ricardo Enriquez, Deputy Attorneys General, for Plaintiff and Appellant.

Christopher Alex Maki, in pro. per., for Defendant and Respondent.


San Diego County Department of Child Support Service (County) moved for an order to increase the child support obligation of Christopher Maki.  The court order

granted only an $11 per month increase, raising Christopher's support obligation to $636 per month, rather than raising his support obligation to the "guideline" amount of $953 per month. The court allowed Christopher two "hardship" deductions to reflect his financial burden to support children with whom he currently lived. County appeals, asserting the order must be reversed because the court did not make the requisite findings to support the hardship deductions and the omission was prejudicial.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. Facts

Christopher and his former wife Corrine are the parents of Nathan. In 2009, the court issued a child support order requiring Christopher to pay Corrine $625 per month as child support for Nathan.

In early 2012, County filed a motion for an order modifying the child support order, relying principally on the Income and Expense Declarations (I&E) filed by Christopher and Corrine. Christopher's I&E listed his pre-tax income at $5579.60 per month, and stated he lived with his wife (whose pre-tax income was $5971.33 per month) and three children. He listed $6983.41 in monthly expenses, not including child support for Nathan or installment obligations on credit cards and auto loans, and that his wife paid $3774.33 of those expenses. He claimed to spend 15% of the time with Nathan, and that Corrine spent only 25% of the time with Nathan because Nathan lived with his grandparents and Corrine lived elsewhere.

2

Corrine's I&E stated she had been unemployed since February 2010, and received public assistance of $1038 per month. Corrine and her four children (including Nathan) allegedly lived with her mother and stepfather, who paid some of her monthly expenses. She asked the court to consider, as a special hardship, that the father of her three children other than Nathan was incarcerated and provided her with no help.

Christopher filed two responses, one of which asserted that Nathan did not live with Corrine and therefore the support order should be vacated or changed to the grandmother with whom Nathan lived. He also asserted the calculus for the support order should include what Corrine was capable of earning.

B. The Hearing

At the hearing, the trial court found Christopher had only a 2% timeshare with Nathan and, using guideline support calculations, determined his guideline support for Nathan should be $953 per month. Christopher then asked whether he could obtain a hardship deduction because he had three other children for whom he was responsible. County objected that Christopher wife's income, which was more than Christopher earned, was meeting all of the needs of these three children. The court stated it would grant Christopher two hardship deductions because "this is an active aid case," which resulted in a guideline calculation of $636 per month in child support for Nathan. Over County's objection, the court awarded $636 per month in child support for Nathan.

II

ANALYSIS

A. Legal Framework

California's strong public policy in favor of adequate child support "is expressed in statutes embodying the statewide uniform child support guideline." (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 283.) A trial court must adhere to the guidelines and may not depart from them except in the special circumstances enumerated in the statutes. (Fam. Code, §§ 4052, 4053, subd. (k)[1]; *County of Stanislaus v. Gibbs* (1997) 59 Cal.App.4th 1417, 1419; *In re Marriage of Carter* (1994) 26 Cal.App.4th 1024, 1026 ["when ordering child support the trial court lacks discretion to vary from the presumptively correct amount, calculated by applying the algebraic formula in the statute, unless one or more of the statutorily enumerated rebuttal factors is found to exist"].)

The guidelines seek to make the interests of children the state's top priority (§ 4053, subd. (e)), and is expressed as a mathematical formula whose key component is each parent's net monthly disposable income, determined based on annual gross income less allowable deductions. (*In re Marriage of LaBass & Munsee* (1997) 56 Cal.App.4th 1331, 1336.) When setting the amount of child support, the courts are required to adhere to certain principles, including that "[a] parent's first and principal obligation is to support his or her minor children according to the parent's circumstances and station in life" (§ 4053, subd. (a)), "[e]ach parent should pay for the support of the children according to

---

[1] All further statutory references are to the Family Code unless otherwise specified.

his or her ability (*id.* at subd. (d)), and "[c]hildren should share in the standard of living of both parents. Child support may therefore appropriately improve the standard of living of the custodial household to improve the lives of the children." (*Id.* at subd. (f).)

One statutorily enumerated basis for departing from the mathematical formula set forth in the statute is extreme financial hardship on the supporting parent. Accordingly, when calculating the net disposable income of parents for purposes of the section 4055 support formula, a trial court is authorized to make a deduction from gross income "for hardship, as defined by Sections 4070 to 4073, inclusive, and applicable published appellate court decisions." (§ 4059, subd. (g).) Section 4070 states, "If a parent is experiencing *extreme* financial hardship due to justifiable expenses resulting from the circumstances enumerated in Section 4071, on the request of a party, the court may allow the income deductions . . . necessary to accommodate those circumstances." (Italics added.) Among the statutory circumstances evidencing hardship are "[t]he minimum basic living expenses of either parent's natural . . . children for whom the parent has the obligation to support from other . . . relationships who reside with the parent. The court, on its own motion or on the request of a party, may allow these income deductions as necessary to accommodate these expenses . . . ." (§ 4071, subd. (a)(2).)

Although the presence of other children is a valid consideration when evaluating a hardship deduction, "a hardship deduction is not a 'foregone conclusion' on the birth of new children; . . . the family's income, as well as purported expenses, have to be considered in making the 'hardship' determination; and [the supporting parent's] responsibility as a parent '[is] not to seek to provide less for some of his children because

5

he had others, but to provide adequately for all of them.' " (*In re Marriage of Paulin* (1996) 46 Cal.App.4th 1378, 1382.)  Thus, the allowance of a hardship deduction is discretionary (*id*. at p. 1383), but if the court does decide to allow a hardship deduction, "the court *shall do both of the following*: [¶] (1) *State the reasons* supporting the deduction *in writing or on the record* [*and*] [¶] (2) Document the amount of the deduction *and the underlying facts and circumstances*." (§ 4072, subds. (a)(1) & (a)(2), italics added.)  Moreover, "the court shall state, in writing or on the record, the following information whenever the court is ordering an amount for support that differs from the statewide uniform guideline formula amount under this article: [¶] (1) The amount of support that would have been ordered under the guideline formula[;] [¶] (2) The reasons the amount of support ordered differs from the guideline formula amount[; and] [¶] (3) The reasons the amount of support ordered is consistent with the best interests of the children." (§ 4056, subd. (a).)

In *In re Marriage of Carlsen* (1996) 50 Cal.App.4th 212, the court explained section 4072 represented a legislative determination that "it is the obligation of the trial court to identify in a support order the evidence on which it bases its decision to allow a hardship deduction and its reasons for allowing it . . . ." (*Carlsen,* at p. 217.)  Because the statutory scheme "has limited the deduction for hardship to the unusual situation" (*id*. at p. 217, fn. 5), *Carlsen* concluded section 4072 represented a legislative requirement for "an articulation of the *reasoning* by which the court has determined that the minimum basic living expenses of resident dependent minors from other relationships constitute a hardship rather than an expense the . . . parent is expected to bear without assistance from

6

the [other] parent . . . ." (*Carlsen,* at p. 217, fn. omitted.) *Carlsen* explained the requirement for a statement of reasons serves multiple purposes: "The purpose in requiring findings is to demonstrate to a losing party the possible futility of any appeal, and to focus the appellate review on the pertinent portions of the record underlying the trial court's determination. [Citations.] Required findings are also intended to ensure that the trial court does not abuse its power to act only in the exceptional case." (*Id.* at pp. 217-218.)

When the record does not contain the required statement of reasons, the error is prejudicial and requires reversal unless the missing information is "otherwise discernible from the record." (*In re Marriage of Hubner* (2001) 94 Cal.App.4th 175, 183.) Not making a material finding may be deemed nonprejudicial "when the missing finding may reasonably be found to be implicit in other findings . . . [citation] . . . [or] when, under the facts of the case, the finding would necessarily have been adverse to the appellant." (*Rojas v. Mitchell* (1996) 50 Cal.App.4th 1445, 1450.) Absent those circumstances, however, the matter must be reversed and remanded to permit the court to make the requisite record. (*Id.* at p. 1451.)

B. <u>Analysis</u>

Here, after considering the documentary evidence and arguments submitted on behalf of the parties, the court did make the required finding of the amount of support that would have been ordered under the guideline formula. However, when the court gave its "reasons the amount of support ordered differs from the guideline formula amount" (§ 4056, subd. (a)(2)), it specified it was granting Christopher two hardship

7

exemptions without stating (either in writing or on the record) the reasons for its conclusion that Christopher would suffer extreme financial hardship without the deductions, and without documenting the amount of the deduction and the underlying facts and circumstances, as mandated by section 4072, subdivisions (a)(1) and (a)(2).[2] Moreover, it did not state "[t]he reasons the amount of support ordered is consistent with the best interests of the children." (§ 4056, subd. (a)(3).)

Because the trial court's noncompliance with sections 4056 and 4072 was erroneous (*In re Marriage of Carlsen, supra,* 50 Cal.App.4th at p. 217), we consider whether the error may be considered harmless. We conclude not stating any reasons for departing from the guideline amounts cannot be considered harmless because "the missing reasons cannot be implied in the court's express findings and we cannot conclude that the missing information would necessarily have been adverse to appellant." (*Rojas v. Mitchell, supra,* 50 Cal.App.4th at p. 1451.) There are no express findings concerning Christopher's financial condition from which anything can be implied and we cannot conclude the missing findings would necessarily have been adverse to County. Although the evidence showed Christopher and his new wife had three children under school age, it also showed Christopher's new wife earned nearly $6000 monthly gross income, which gave Christopher's household more than $11,000 in monthly gross income from which to

---

2    The court's only statement of reasons was, "Since this is an active aid case I will grant [Christopher] two hardships." However, the only "aid" was being received by Corrine, and there is no statutory basis (or even any logical nexus) for granting an obligor father a hardship exemption based on the custodial mother's financial condition.

8

pay the expenses for his three new children as well as pay child support for Nathan.[3] Moreover, the evidence showed many of Christopher's "monthly expenses" were discretionary allocations, and we cannot conclude a court would *necessarily* have found those allocations represented "[t]he minimum basic living expenses" (§ 4071, subd. (a)(2)) of Christopher's new children or would *necessarily* have found that reallocating some of those discretionary funds toward Nathan's child support would have caused Christopher *extreme* financial hardship within the meaning of section 4071.

Although the error requires us to reverse and remand for further proceedings to allow the court to consider whether to make the required findings and information under sections 4072, subdivisions (a)(1) and (a)(2), and 4056, we do not mean to imply the support order is otherwise defective, and we do not express any opinion on whether substantial evidence might support hardship exemptions. We merely reverse and remand to permit the court to comply with its obligations if, on remand, it determines to grant any hardship exemptions.

---

[3] Although Christopher's wife's income would ordinarily be excluded when setting Christopher's child support obligation, the statute contemplates that the income of the obligor parent's subsequent spouse may be considered in extraordinary cases where excluding that income would lead to extreme and severe hardship to children subject to the child support award or children supported by the obligor's subsequent spouse (§ 4057.5, subd. (a)(1)), and "it is perfectly reasonable to take into account the fact that a new spouse may be earning income in determining the hardship deduction for the expenses of a child of that spouse." (*In re Marriage of Whealon* (1997) 53 Cal.App.4th 132, 145.)

9

## DISPOSITION

The order is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.  Each party shall bear its own costs on appeal.


McDONALD, J.

WE CONCUR:


HUFFMAN, Acting P. J.


McINTYRE, J.

10