[No. A030638. First Dist., Div. Five. Mar. 24, 1987.]

In re the Marriage of PATRICIA and DOUGLAS A. BUSER.
PATRICIA BUSER, Appellant, v.
DOUGLAS A. BUSER, Appellant.

[No. A033816. First Dist., Div. Five. Mar. 24, 1987.]

In re the Marriage of PATRICIA and DOUGLAS A. BUSER.
PATRICIA BUSER, Respondent, v.
DOUGLAS A. BUSER, Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, only part I, subheading D in the opinion is certified for publication.

640

**COUNSEL**

Steven D. Hallert, Hallert & Hallert, Richard Sherman and De Goff & Sherman for Appellant Wife.

Eugenia MacGowan for Appellant Husband.

**OPINION**

**KING, J.—**

A-C*

. . . . . . . . . . . . . . . . . . .

D. *The absence of reasons for denial of joint custody and of an order requiring joint consent over decisions affecting the child.*

Douglas Buser contends there were two deficiencies in the orders denying his request for joint custody of his children which require reversal.

---

*See footnote, *ante,* page 639.

The first claim is that the orders were defective because they did not include reasons for the ruling on the joint custody issue pursuant to Civil Code section 4600.5, subdivision (c). That provision states in pertinent part, "Whenever a request for joint custody is granted or denied, the court, upon the request of any party, shall state in its decision the reasons for granting or denying the request."

The order denying joint custody filed December 17, 1984, did not contain reasons for the denial. The issue of joint custody was submitted no later than September 14, 1984, when the court announced its tentative decision in open court. Douglas made his request for a statement of reasons under Civil Code section 4600.5, subdivision (c), on January 30, 1985. He argues there is no time limit within which a request for reasons must be made, thus the failure of the court to act upon his request requires reversal of the order.

■ Since the Legislature has not prescribed a time within which a party must make a request that the court state its reasons for granting or denying a motion for joint custody, the request must occur within a reasonable time. Douglas erroneously equates a statement of reasons with the more formal statement of decision, but even then his request would be untimely. Because of his argument, we examine the statutes providing for a statement of reasons and a statement of decision.

■ We first note that neither statement is required absent a request. Civil Code section 4600.5, subdivision (c), provides that the court "shall state in its decision the reasons for granting or denying the request" for joint custody. Code of Civil Procedure section 632 provides that "the court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial." In utilizing different language in each statute the Legislature clearly intended to distinguish a statement of reasons from a statement of decision. Otherwise, the Legislature would simply have provided for a statement of decision when joint custody is granted or denied.

We believe that the Legislature intended a statement of reasons to be something different in content and purpose than a statement of decision. The statement of reasons was not intended to set forth the legal basis for the decision, but to provide parents with the reasons—in plain, everyday English—why the court granted or denied joint custody. In contrast, a statement of decision is a formal legal document containing the factual and legal basis for the court's decision on each principal controverted issue for which a statement is requested. Because of the significant legal effect of a statement of decision, Code of Civil Procedure section 632 and California Rules of Court, rule 232, provide a highly detailed process by which counsel for the litigants

can provide input into and affect the final content and language of the statement of decision, so that the appellate court has before it the factual and legal basis for the trial court's determination of the issues being reviewed on appeal. This process is not required for a statement of reasons.

The distinction between a statement of decision and a statement of reasons is more than semantic and should be maintained. There are both substantive differences and a difference in purpose between the two. A statement of decision is of greater legal import, for it provides the framework within which a trial court's decision can be reviewed by the appellate court. The Legislature in providing that the court "shall state in its decision the reasons for granting or denying the request" for joint custody undoubtedly contemplated this would occur at the time of the court's announcement of its tentative decision.

■ In the absence of a statutory limit within which a request for a statement of reasons must be made, we must determine what constitutes a reasonable time. Because of the greater legal significance of a statement of decision, we believe that a reasonable time for a request for a statement of reasons should be no greater than the time limitations within which a request must be made for a statement of decision. Therefore, at the latest, a request for a statement of reasons under Civil Code section 4600.5, subdivision (c), should be made within 10 days after the court announces a tentative decision; if the trial has lasted less than one day, such a request should be made prior to the submission of the issue of joint custody for decision.

Since the request by Douglas was made more than four and one-half months after the announcement of the tentative decision, it was untimely. No statement of reasons was required. ■ Douglas moved for reconsideration and the subsequent order stated that the judgment would "remain in full force and effect." This was simply an order denying Douglas's request for reconsideration of the custody issue. It did not grant or deny a request for joint custody, and thus the provisions of Civil Code section 4600.5, subdivision (c), were not applicable.

■ Douglas's second claim is that the orders were defective because they did not include a specification of the circumstances under which both parents' consent were required to exercise legal control over the children. He relies on Civil Code section 4600.5, subdivision (e), which provides in pertinent part, "In making an order of joint legal custody, the court shall specify the circumstances under which the consent of both parents is required to be obtained in order to exercise legal control of the child ...."

Again, there was no error. The statute requires this specification only when the court, in the exercise of its broad discretion, orders that there will be

circumstances where such joint consent is required. Douglas requested certain requirements of joint consent, but the trial court denied his request. The court not having required joint consent for any determination, no specification was required. Douglas claims the very concept of joint legal custody implicitly requires joint consent on some matters (which accordingly must be specified), but this argument is unsupported by any authority, and the statutory requirement of a specification of circumstances suggests that a requirement of joint consent is to be the exception, not the rule.

E.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## II, III*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment and orders are affirmed. The parties shall bear their own attorney fees and costs on appeal.

Low, P. J., and Haning, J., concurred.

The petition of appellant husband for review by the Supreme Court was denied July 2, 1987. Mosk, J., and Kaufman, J., were of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 639.