[No. A070933. First Dist., Div. Five. Nov. 20, 1996.]

RONNA ROJAS, Plaintiff and Appellant, v.
KEVIN MITCHELL, Defendant and Respondent.

**[Opinion certified for partial publication.¹]**

¹Pursuant to California Rules of Court, rule 976.1, parts III and IV of this opinion are not certified for publication.

COUNSEL

Stotter and Coats and Lawrence H. Stotter for Plaintiff and Appellant.

L. Hunter Tracht and Eugene M. McMurdy for Defendant and Respondent.

OPINION

HANING, J.—Appellant Ronna Rojas appeals a May 30, 1995, order denying her motion for modification of child support for her minor child, Bethany Starr Mitchell, born January 16, 1992.

BACKGROUND

On October 1, 1991, appellant filed a complaint against respondent Kevin Mitchell to establish his paternity of her unborn child. Following a hearing at which respondent did not appear, he was found to be the father and ordered to pay $5,000 as an advance against future child support upon the birth of the child, plus specified medical expenses and attorney fees. At a January 1992 default hearing after the child's birth, respondent was ordered to pay birth-related expenses, maintain and pay for the child's health and dental insurance, pay $5,000 monthly child support, pay $2,600 for expenses in setting up a nursery for the child, and pay appellant's attorney fees and costs.

Thereafter, the court granted respondent's motion to vacate the default and orders resulting therefrom, and in July 1992 the parties stipulated to a judgment which provided, in relevant part, that respondent was to pay $5,000 per month child support, and to maintain health and dental insurance through his employment. The judgment recites that respondent, a major league baseball player, stipulates to his ability to pay reasonable child support, and contains a finding by the court that $5,000 per month was sufficient to cover the child's reasonable needs and expenses.

In September 1994 respondent sought to reduce his child support obligation on the ground that as a result of the major league baseball strike, his monthly income for September and October 1994 was $10,000, a reduction of $270,000. His attorney's declaration stated that respondent was in the last year of a $3.5 million contract which was due to expire in October 1994,

after which he would have no further income, unless re-signed or hired by a new team. It also stated that due to respondent's support obligation for three minor children, it was necessary to modify his child support obligation. In November 1994 appellant moved to modify the stipulated judgment to provide guideline support. The court heard both motions on the same date. Its December 1994 order directed that effective January 1, 1995, monthly child support would be decreased from $5,000 to $4,000, and respondent was to deposit $500 per month into a trust for the child's education and pay appellant $7,000 in attorney fees. The matter was set for a review hearing in March 1995 or earlier if respondent obtained a new baseball contract.

In March 1995 respondent signed a contract with a Japanese baseball team for an annual base salary of $3 million, a $900,000 signing bonus and other incentives. Following a review hearing, the court's May 30, 1995, order restored the original, stipulated amount of $5,000 monthly child support as of January 1, 1995. The court found that due to the benefits respondent obtained from his new contract he had suffered no irreparable reduction in his income stream, and was ordered to pay appellant $5,000, representing the shortfall accruing from January through May 1995, when his monthly child support obligation was $4,000. Respondent was also ordered to continue to deposit $500 monthly into a trust account for the child's education, and to procure life insurance on his life naming the child as the primary beneficiary. The court found that the support order met the reasonable needs of the child, and denied appellant's request for attorney fees beyond those awarded in December 1994. Appellant thereafter asked the court to "issue a Statement of Decision and/or Information required by Family Code [section] 4056" in support of its May 30, 1995, order.[2] The court did not respond to this request.

## DISCUSSION

Preliminarily, we note that although appellant's briefs discuss both the December 19, 1994, and the May 30, 1995, orders, her notice of appeal is from the May 1995 order. As to the December 1994 order this appeal is untimely and we are without jurisdiction to review it. (Cal. Rules of Court, rule 2) Consequently, our review is confined to the May 30, 1995, order.

I

Effective January 1, 1994, the Legislature adopted the Statewide Uniform Guideline for child support. (See § 4050 et seq.) There is a rebuttable presumption that the child support established by the guideline is the correct amount to be ordered. (§ 4057, subds. (a) & (b).) The presumption may be

---

[2]Unless otherwise indicated, all further statutory references are to the Family Code.

rebutted by evidence that application of the guideline "[W]ould be unjust or inappropriate . . . because one or more [specified] factors is found to be applicable . . . and the court states in writing or on the record the information required in subdivision (a) of [s]ection 4056." (§ 4057, subd. (b).)

■ Appellant contends the court erred in failing to comply with section 4056, which requires that courts ordering child support differing from the guideline amount "[S]hall state, in writing or on the record, the following information . . . : [¶] (1) The amount of support that would have been ordered under the guideline formula. [¶] (2) The reasons the amount of support ordered differs from the guideline formula amount. [¶] (3) The reasons the amount of support ordered is consistent with the best interests of the children." (§ 4056, subd. (a).)

■ Section 4056 contains two subdivisions: (a) and (b).[3] As we noted previously, section 4056, subdivision (a) states that the court "shall" render certain information when deviating from the guideline child support formula. Section 4056, subdivision (b) lists additional information which is required *only* "[a]t the request of any party." Section 12 states the general rule of statutory construction that "shall" is mandatory and "may" is permissive, as used in the Family Code. Section 4052 provides that the court "[S]*hall* adhere to the statewide uniform guideline and may depart from the guideline *only* in the special circumstances set forth in [section 4057]." (Italics added.) Thus, in light of section 12, the statutory presumption created by section 4057 that the guideline support is the correct amount to be awarded and permitting deviation only in specified circumstances, and the differing language used in the subdivisions of section 4056, it seems clear that section 4056, subdivision (a) requires the court to render the specified information sua sponte when deviating from the guideline formula.[4]

■ In general, the failure to make a material finding on an issue supported by the pleadings and substantial evidence is harmless when the missing finding may reasonably be found to be implicit in other findings. (*McAdams* v. *McElroy* (1976) 62 Cal.App.3d 985, 996 [133 Cal.Rptr. 637].) The court's failure to make findings is also harmless when, under the facts of the case, the finding would necessarily have been adverse to the appellant. (*Ibid.*)

■ Here, after considering documentary evidence and arguments submitted on behalf of the parties, the court expressly found that a $5,500

---

[3]Although appellant made a generalized request for findings under section 4056 without specifying or limiting herself to any subdivision, her appeal raises only the failure to make the subdivision (a) findings.

[4]The statute uses the term "information" which, read in context, requires both findings and a statement of reasons for the ultimate decision.

monthly child support award met the reasonable needs of the child. However, it did not give the *reasons* for this finding. Unfortunately, the error cannot be considered harmless since the missing reasons cannot be implied in the court's express findings and we cannot conclude that the missing information would necessarily have been adverse to appellant. However, while we are constrained to reverse and remand for the required information under section 4056, subdivision (a), we are not suggesting that the support order is otherwise defective or unsupported by substantial evidence, particularly in light of respondent's extraordinarily high income. (See, e.g., § 4057, subd. (b)(1).)

## II

■ In addition to the court's obligation to render section 4056, subdivision (a) information when deviating from the guideline child support formula, we have unresolved procedural problems when the court fails to supply the required information. The statute requires the court to supply the information "[I]n writing or on the record." (§ 4056, subd. (a).) In the real world of overworked trial courts, this usually means that when ruling from the bench the court will orally state its findings and reasons, and when the matter is taken under submission the subsequent tentative decision, judgment or order will contain the required information. However, what procedure does a party dissatisfied with a child support order follow when the court takes the matter under submission, and subsequently enters a written order or judgment which deviates from the guideline amount without supplying the required information, as occurred here?

May a dissatisfied party simply appeal and ask for reversal because the court has not supplied the necessary information when it varied from the guideline support formula, or should that party first be required to bring the missing information to the trial court's attention and give it an opportunity to supply it? The second alternative is the more reasonable and expeditious, but if that is the procedure to be followed, is there any time frame within which it must be performed?[5]

The Family Code does not provide any specific procedure or time frame for acting under such circumstances. However, section 210 states that except where any other statute or judicial council rule is applicable, "[T]he rules of practice and procedure applicable to civil actions generally apply to, and constitute the rules of practice and procedure in, proceedings under [the

---

[5]We have previously commented on California's complex child support scheme that has become a boon for computer programmers, but a headache for litigants, especially that substantial group of parents appearing without counsel because of their economic circumstances. (*In re Marriage of Fini* (1994) 26 Cal.App.4th 1033, 1040-1041 [31 Cal.Rptr.2d 749].)

Family Code]." In *In re Marriage of Buser* (1987) 190 Cal.App.3d 639 [235 Cal.Rptr. 785], we held that when the Legislature had not prescribed a time within which a party must ask the court to state its reasons for granting or denying a motion for joint custody, the request must occur within a reasonable time. (*Id.* at p. 642.) However, in *Buser* we were dealing with a statement of reasons which was required only upon request, whereas the information required by section 4056, subdivision (a) must be supplied sua sponte as part of the order or judgment. In addition, *Buser* concerned a statement of reasons, which was contrasted with a statement of decision. The "information" required by section 4056, subdivision (a) is a hybrid of the two; in addition to calling for the court's reasons, it also requires recitation of the amount of support that would have been ordered under the guideline formula. This is a finding—it is based on the actual net disposable income of the parties (see §§ 4055 & 4059), facts which are frequently vigorously disputed.

Section 663 of the Code of Civil Procedure provides for vacating a decision by the court when there is an "Incorrect or erroneous legal basis for the decision . . . ," and requires a notice of motion to vacate within 15 days of mailing notice of entry of judgment by the clerk, or service of notice of entry of judgment by another party, or within 180 days if neither occurs, whichever is earliest (Code Civ. Proc., § 663a). The same time limits apply to a motion for new trial. (Code Civ. Proc., § 659.) Here, appellant moved the court for compliance with section 4056 within 10 days, and thus her motion was timely.

III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The order is reversed and remanded with directions that the trial court comply with section 4056, subdivision (a). The parties to bear their own costs on appeal.

Peterson, P. J., and Snowden, J.,† concurred.

---

*See footnote 1, *ante.* page 1445.

†Judge of the Napa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.