Filed 10/31/14  Gash v. Ben-Noun CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DRU GASH,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LIMOR BEN-NOUN,<br><br>    Defendant and Respondent. | B250283<br><br>(Los Angeles County<br>Super. Ct. No. LD056298) |

APPEAL from an order of the Superior Court of Los Angeles County,

Steff R. Padilla, Temporary Judge.* Affirmed.

Robert F. Smith for Plaintiff and Appellant.

Carl Etting for Defendant and Respondent.

_____

* Pursuant to Cal. Const., art. VI, § 21.

In this marital dissolution action, Dru Gash appeals an order denying his motion to modify his child support obligation. He contends that the trial court should have reduced the amount of child support he pays for his two-year-old daughter. Gash originally stipulated with his former spouse, Limor Ben-Noun, that he would pay monthly child support of $1,000, and the stipulation was entered as an order of the court. Four months later, Gash moved to modify the order arguing that his changed financial circumstances justified a reduction of his child support obligation. The trial court denied the motion on the ground that Gash had not shown a substantial change of circumstances. On appeal, Gash contends that the trial court erred in denying the motion without first calculating guideline child support pursuant to Family Code section 4055 or setting forth that calculation in its order. Gash also contends that the trial court erred in not making the findings required by Family Code section 4056, and in concluding that Gash had not shown a substantial change of circumstances.[1] We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

After Gash petitioned for dissolution of marriage, the parties stipulated that Gash would pay monthly child support of $1,000. The stipulation was incorporated into a judgment on visitation and custody issues entered on June 7, 2011.

Approximately four months later, in October 2011, Gash filed a motion to modify child support, seeking a reduction of his monthly child support obligation to $150 per month on the grounds that (1) he had "depleted" the "trust" on which he had

---

[1] All further statutory references are to the Family Code unless otherwise stated.

2

relied to make the support payments, (2) his monthly income of $3,423 was based on commissions from "construction sales" and it was a "slow time" for this business, and (3) he was in "tremendous de[b]t" due to this litigation.

Attached to the motion was Gash's income and expense declaration stating that he was "self-employed" in "construction sales" and had earned $3,423 from that business in the prior month as well as $137 from work as a private contractor. Gash also stated that he had physical custody of his daughter every other weekend. Ben-Noun filed an income and expense declaration in which she did not report any income.

Gash also requested that the court grant him increased visitation with his daughter. On April 11, 2012, after holding several evidentiary hearings, the court reduced Gash's visitation with his daughter to monitored visitation once a week, but did not address Gash's motion to modify child support. On April 20, 2012, Gash filed a motion for reconsideration seeking a ruling on the child support issue. The court granted reconsideration and continued the hearing on the motion to modify child support.

On April 20, 2012, Gash submitted a declaration to the court stating that he "currently" earned an income of approximately $3,423 per month. One month later, he filed an income and expense declaration stating that, the previous month, he had earned only $891, and that his average monthly income was $1,426. The declaration also provided that Gash was still "self-employed" in "construction sales." Ben-Noun filed a income and expense declaration on May 11, 2012, stating that her gross monthly

3

income was now $1,242. She further stated that the parties' daughter now spent 99% of her time with Ben-Noun, and only 1% of her time with Gash.

The hearing was ultimately continued to November 29, 2012. The parties submitted updated income and expense declarations before the hearing.[2] Gash's declaration dated October 18, 2012, stated that his monthly income was $1,000,[3] and that his "change in income" was due to having been "laid [off] from [his] prior employment due to visitation schedule." However, in the same declaration, he said that he was currently employed full-time by Presidential Construction. Ben-Noun's declaration dated November 14, 2012, stated that her monthly income was $630. The parties agreed that their daughter now spent 99% of her time with Ben-Noun, and 1% of her time with Gash.

At the hearing on November 29, 2012, the trial court stated, "I will run the Dissomasters[4] and give you a written ruling as I am required to do with support." The court then took the matter under submission. On January 22, 2013, the trial court

---

[2]     Under California Rules of Court, rule 5.260(a), "for all hearings involving child, spousal, or domestic partner support, both parties must complete, file, and serve a current *Income and Expense Declaration . . . .*" Rule 5.260(a)(3) further provides that an income and expense declaration is "current" if it "has been completed within the past three months providing no facts have changed."

[3]     In Gash's appellate reply, he contends that this income and expense declaration showed that his income was only $300 per month. In fact, Gash stated, in this declaration, that he earned $700 a month in "[c]ommissions or bonuses," and $300 per month from "[h]ead [s]hot [p]hotography."

[4]     "The DissoMaster is one of two privately developed computer programs used to calculate guideline child support as required by [Family Code] section 4055, which involves, literally, an algebraic formula." (*In re Marriage of Schulze* (1997) 60 Cal.App.4th 519, 523-524, fn. 2.)

4

denied the motion as follows: "The Court finds a change of income to be temporary and therefore not a substantial change of circumstance to warrant a change in support orders from judgment of [6]/7/2011." Gash timely appealed.

## *CONTENTIONS*

Gash contends that the trial court abused its discretion in finding there was no substantial change of circumstances warranting a reduction of child support. Gash next contends that the trial court erred in failing to calculate support under section 4055, and in failing to set forth the amount of guideline support in its order. Finally, Gash contends that the trial court erred in not setting forth the findings required by section 4056.

## *DISCUSSION*

### 1.    *Applicable Law*

California courts are required to calculate child support based on a mathematical formula provided in section 4055. The formula calculation set forth by section 4055 "requires accurate assessments of each parent's taxable income (citation), and the time in which the higher earner of the two parents has primary physical responsibility for the children compared to the other parent (citation)." (*In re Marriage of Hall* (2000) 81 Cal.App.4th 313, 317.)

Trial courts may not depart from the "guideline" formula except in special circumstances enumerated in section 4057. (See § 4057.) "Under the uniform guideline statutes, divorcing parents may (subject to court approval []) agree to child support orders in lieu of an order based upon the statutory formula." (*In re Marriage of*

5

*Laudeman* (2001) 92 Cal.App.4th 1009, 1013 (*Laudeman*).)  However, such agreements are always subject to the approval of the court.  (*In re Marriage of Bodo* (2011) 198 Cal.App.4th 373, 386 (*Bodo*).)

"[A]n order for child support in an amount 'that differs from the statewide uniform guideline formula amount' triggers the court's sua sponte obligation to state, in writing or on the record, (1) the amount of support that would have been ordered under the guideline formula; (2) the reasons the ordered amount of support differs from the guideline formula amount; and (3) the reasons the ordered amount of support is consistent with the best interest of the children.  [Citations.]"  (*Laudeman, supra,* 92 Cal.App.4th at p. 1014.)  The trial court must "render the specified information sua sponte when deviating from the guideline formula."  (*Rojas v. Mitchell* (1996) 50 Cal.App.4th 1445, 1450-1452.)

Child support orders, even those based upon an agreement between the parties, " 'may be modified or terminated at any time as the court determines to be necessary.' [Citation.]"  (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 556 (*Leonard*); *Bodo, supra,* 198 Cal.App.4th at p. 386.)  The trial court will not reduce a child support order unless there has been a "material change of circumstances."  (*Laudeman, supra,* 92 Cal.App.4th at p. 1012; see also *Bodo, supra,* 198 Cal.App.4th at p. 391 [a "*substantial* change of circumstances" is equivalent to "*material* change of circumstances" for purposes of child support modification].)  "The burden of proof to establish that changed circumstances warrant a downward adjustment in child support

rests with the supporting spouse. [Citation.]" (*Leonard, supra,* 119 Cal.App.4th at p. 556.)

The relevant inquiry is whether a material change in circumstances occurred "since the entry of the previous order." (*In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 47 (*Schmir*).) " 'Ordinarily, a *factual* change of circumstances is required [for an order modifying support] (e.g., increase or decrease in either party's income available to pay child support).' [Citation.] 'There are no rigid guidelines for judging whether circumstances have sufficiently changed to warrant a child support modification. So long as the statewide statutory formula support requirements are met (Fam. [Code,] § 4050 et seq.), the determination is made on a case-by-case basis and may properly rest on fluctuations in *need* or *ability to pay.*' " (*Leonard, supra,* 119 Cal.App.4th at p. 556; see also *Laudeman, supra,* 92 Cal.App.4th at p. 1015 ["the overriding issue is whether a change has affected either party's financial status."])

"The standard of review for an order modifying a child support order is well established. '[A] determination regarding a request for modification of a child support order will be affirmed unless the trial court abused its discretion, and it will be reversed only if prejudicial error is found from examining the record below.' [Citations.] Thus, '[t]he ultimate determination of whether the individual facts of the case warrant modification of support is within the discretion of the trial court. [Citation.] The reviewing court will resolve any conflicts in the evidence in favor of the trial court's determination. [Citation.]' " (*In re Marriage of Williams* (2007) 150 Cal.App.4th 1221, 1233-1234.)

7

2.  *Gash Failed to Establish a Material Change in Circumstances*

Gash has not met his burden of providing us with an adequate record by which we can review the trial's court's decision not to modify child support. (See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["a party challenging a judgment has the burden of showing reversible error by an adequate record."]) With respect to a motion to modify child support, the relevant inquiry is whether a material change in circumstances occurred "*since* the entry of the previous order." (*Schmir, supra,* 134 Cal.App.4th at p. 47 (emphasis added).) Here, the record does not contain evidence of the parties' financial circumstances at the time of the stipulated child support order. Where there is no evidence of the parties' finances at the time of the stipulated order, it is "impossible to determine from the record whether anything changed." (*Laudeman, supra,* 92 Cal.App.4th at p. 1016, fn. 5.) Accordingly, the record does not show that the trial court erred in finding that there was no "substantial change of circumstance" warranting a change in the child support order.

Gash has also not met his burden of affirmatively showing that the trial court erred by rejecting his arguments. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [it is the appellant's burden to affirmatively demonstrate error.]) On appeal, Gash contends there were multiple substantial changes in circumstances warranting a reduction of child support: (1) his trust fund was depleted; (2) his income declined; and (3) the percentage of time the parties' daughter spent with him had changed.[5] With

---

[5]     Gash also contends that Ben-Noun had remarried since the stipulated child support order was made, but does not provide any argument as to why that event

respect to the first argument, the guideline formula calculates child support on the basis of income, not assets. (Section 4055.) "[A]ny attempt to proceed to make a child support order based on assets still requires, under section 4056, the calculation of the guideline amount using the respective parents' incomes–after which the support level could then be adjusted *upward* to reflect the assets." (*In re Marriage of Loh* (2001) 93 Cal.App.4th 325, 332.)

Here, there is no evidence in the record that the trial court adjusted the guideline amount "upward" to reflect Gash's assets.[6] In fact, it is unclear from the record whether the original stipulated child support amount was consistent with the guideline amount or whether the amount was higher (or lower) than the guideline amount. Accordingly, Gash has not shown that the trial court erred in not modifying child support based on evidence of a depletion of Gash's trust.

Second, Gash contends that he submitted evidence that his income had declined and there was no evidence to support the trial court's finding that this change in income was only "temporary." However, Gash informed the trial court that his reduction of

changed Ben-Noun's financial circumstances such as would warrant a reduction in his child support obligation. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793 [" '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]' [Citations.]"])

[6]    Ben-Noun contends that the trial court had relied on Gash's income and expense declaration of August 3, 2010 – which is in the record – when it entered the stipulated judgment on June 7, 2011. However, that declaration was not current as required by California Rules of Court, rule 5.260, nor does the record indicate that the trial court relied on it. (Cal. Rules of Court, rule 5.260(a)(3)[An income and expense declaration is "current" if it "has been completed within the past three months providing no facts have changed."])

9

income was due to a "slow time" in the construction business. This did not suggest a permanent change in Gash's income; on the contrary, it suggests that the construction industry was experiencing a temporary lull due to external factors such as a downturn in the economy.[7] Accordingly, the evidence supported the trial court's finding that Gash's change in income was temporary.

Furthermore, the trial court had the discretion to determine that Gash's evidence of an income decline was not credible. (*Weathers v. Kaiser Foundation Hospitals* (1971) 5 Cal.3d 98, 108 [" 'When an issue is tried on affidavits . . . and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed.' "]) Gash submitted inconsistent evidence of his income: on April 20, 2012, he stated that he "currently" earned an income of approximately $3,400 per month. One month later, he stated that his income for April 2012 had only been $890. He did not provide a credible explanation for his most recent decline in income in October 2012: he stated that his "change in income" was due to having been "laid [off] from [his] prior employment due to [his] visitation schedule," but also that he was currently employed full-time by Presidential Construction.[8] In addition, the income and expense declarations submitted by Gash within the prior year showed that Gash had been "self-employed." Therefore, his claim that he had been "laid off" was inconsistent with that evidence. As it was within the

---

[7] In fact, Gash makes the argument, in his reply, that the downturn in "construction sales" was due to the economic recession.

[8] Nor is it clear how Gash's visitation schedule, which had been reduced to only two hours a week, had interfered with his job.

10

trial court's discretion to assess the credibility of Gash's declarations, we will not disturb that determination on appeal.

Third, the fact that the percentage of time the parties' daughter spent with Gash had "changed" does not support Gash's argument that the court should have reduced his support obligation. Gash presented evidence that the time he spent with his daughter had decreased from spending every other weekend with her to two hours of visitation per week. One component of the section 4055 formula is the "approximate percentage of time that the high earner [here, father] has or will have primary physical responsibility for the children compared to the other parent." (Section 4055, subd. (b)(1)(D).) The more time the high earner has primary physical responsibility for the child, the less support is owed. (Section 4055, subd. (a).) Here, Gash presented evidence that the time he had primary physical responsibility for his daughter substantially *decreased*. Therefore, under section 4055, the amount of guideline support he owed necessarily *increased*. Accordingly, this "change in circumstances" did not warrant a reduction in Gash's child support obligation.

3.      *The Trial Court Was Not Required to Set Forth Findings
        Under Sections 4055 and 4056*

Gash argues that the trial court erred in not making the guideline calculation set forth by section 4055 and in not stating the amount of such guideline support in its ruling. However, the record does not show that the trial court did *not*, in fact, run the guideline calculation. According to the record, the trial court stated that it would calculate guideline support: this suggests that the trial did, in fact, do so. Nor was the

11

trial court required by section 4055 to state the result of the guideline calculation in its order. Section 4055 only sets forth the manner in which the court must make a calculation of child support, and does not require that the trial court issue any oral or written findings.

Section 4055 does contemplate that the trial court will set forth the result of the guideline calculation whenever the court orders child support, since the court must either order support in the guideline amount or set forth its reasons for deviating from that amount. However, here, the court ruled upon a motion to modify child support and, ultimately, did not make a new support order. Therefore, the court did not err in omitting the result of the guideline calculation from its ruling.

With respect to section 4056, that statute requires the court to state, on the record or in writing, the guideline formula result when a trial court exercises its discretion to order child support in an amount that deviates from the guideline amount. (Section 4056, subd. (a).) Here, however, the trial court was not called upon to exercise its discretion in making a new order for child support – let alone one that deviated from the guideline amount. Rather, it merely denied Gash's request to modify the original support order because it failed to find a material change in circumstances. Accordingly, the court was not required to state the information set forth in section 4056.

Moreover, pursuant to *Rojas v. Mitchell, supra,* 50 Cal.App.4th 1445, an appellant must, prior to appealing a trial court's failure to set forth section 4056 findings, first "bring the missing information to the trial court's attention and give it an opportunity to supply it[.]" (*Id*. at p. 1451.) Here, Gash did not do so.

## DISPOSITION

The order is affirmed.  Ben-Noun is awarded her costs on appeal.


## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KUSSMAN, J.*

WE CONCUR:



KITCHING, Acting P.J.



ALDRICH, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.