Filed 4/3/23  Marriage of Tyson and Calhoun CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re the Marriage of MAUREEN AMBER TYSON and JOSHUA RICHARD CALHOUN. | B315029 |
| MAUREEN AMBER TYSON,<br><br>Appellant,<br><br>v.<br><br>JOSHUA RICHARD CALHOUN,<br><br>Respondent. | (Los Angeles County<br> Super. Ct. No. 19STFL02006) |

APPEAL from orders of the Superior Court of Los Angeles County.  Anne K. Richardson, Judge.  Affirmed.

Hersh Mannis, Joseph Mannis, Andrew Stein and Sarah Luetto for Appellant.

James Karagianides; McAlarnen & Sun and Julie McAlarnen for Respondent.

\* \* \* \* \* \* \* \* \* \*

Appellant Maureen Amber Tyson appeals from the denial of her postjudgment motion requesting a modification of child support, and the court's award of attorney and accountant's fees to respondent Joshua Richard Calhoun.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant and respondent married in February 2015. Appellant is a doctor who owns and operates several medical related businesses. Respondent is a licensed real estate agent who also owns a medical transport business. During the marriage, appellant and respondent had two daughters, M.M.C. born in January 2016 and C.M.C. born in November 2017.

### 1. Stipulated Judgment of Dissolution

In early 2019, appellant and respondent separated. A stipulated judgment of dissolution was entered on December 20, 2019. Both appellant and respondent waived any right to spousal support. In accordance with the parties' prenuptial agreement, appellant paid respondent an equalization payment of $320,000.

The parties agreed to joint legal and physical custody of their daughters. Under the terms of the stipulated judgment, appellant is required to pay monthly child support to respondent in the amount of $17,500. It also requires appellant to pay for the girls' health insurance and private school tuition. Appellant and respondent agreed to be jointly responsible for the girls' agreed-upon extra-curricular activities, and they would each be responsible for their own costs related to any childcare services they might need while the girls were in their custody.

Appellant and respondent acknowledged that "[i]n accordance with Family Code § 4065," they were "fully informed of their rights concerning child support" and agreed to all

2

provisions "without coercion or duress," the child support provisions are "in the minor children's best interests," and their needs will be "adequately met" by the agreed-upon terms. The judgment further identifies certain findings regarding the calculation of child support, including that "A. [Appellant] has gross *monthly* taxable income of $219,000 per month" and "B. Respondent may earn gross *annual* income up to $100,000 . . . without same being considered in any child support modification proceeding" (italics added).

## 2. Postjudgment Motion for Modification of Child Support

Less than seven months after entry of the stipulated judgment, appellant filed a motion requesting a downward modification in her monthly child support obligation to the statutory guideline. (Fam. Code, § 4055.) She signed a declaration in support of the motion dated June 30, 2020, describing in part how her sources of income had changed since she signed the stipulated judgment some months before on December 6, 2019. Appellant contended her monthly income had decreased drastically from $219,000 per month to $44,944 (or as low as $39,868, depending on whether the court would credit her with losses on her rental property in Rancho Mirage).

Appellant said her income sources were her medical practice (Crown City Rehabilitation Institute), her two medical-related businesses, Precision Connect and Transport Assist, and several rental properties. Appellant cited the pandemic as the primary reason her income had decreased. She explained that her medical practice consisted largely of patients with elective physical therapy that required in-person visits, and therefore many patients were choosing not to come in for treatment. The

pandemic was also causing a significant increase in business expenses for all three of her businesses, including purchasing personal protective equipment for employees and patients, and upgrading computers and providing IT support for employees working from home. Appellant further reported that Blue Shield, her main contract for both Precision Connect and Transit Assist, was making demands as a condition of keeping its business and those demands were also resulting in an increase in expenses, including having to purchase her own vehicles for medical transport instead of relying on subcontractors.

Appellant said the pandemic had also reduced her rental income. She said her house in Rancho Mirage that was used as a vacation home during part of the marriage had been a rental income property since December 2018. Appellant said she cannot expect to generate much income from this house "in the COVID-19 world" because it is listed for sale, and because short-term rentals had dropped off due to the cancellation of the Coachella and Stagecoach music festivals and bans on short-term rentals. She said the tenant in her Long Beach residential property was not working due to COVID-19 and had not paid the rent in June 2020. She said one of the houses she owns on Arden Road in Pasadena, where respondent had lived until recently (paying $7,500 per month in rent) had to be prepared for rental, and a new tenant had to be found. She said she removed another house on Arden Road in Pasadena from her list of assets because her mother lives there.

Appellant said nothing in her declaration about the other real estate holdings in which she owned interests, which she listed as her sole and separate property less than seven months earlier in the stipulated judgment. The stipulated judgment

4

listed two additional residential properties on Arden Road and one on Hastings Heights in Pasadena, one on Ocean Drive in Oxnard, and an undeveloped parcel in Rancho Mirage, about which appellant provided no information about their income-producing potential.

Appellant emphasized that she had never received income and was not currently receiving any income from her status as a beneficiary of the Tyson Children's Trust No. 4 (Trust No. 4), a trust wholly owned and controlled by her mother. Trust No. 4 was identified in the stipulated judgment as part of appellant's separate property.

Respondent opposed the motion, arguing that appellant has substantial assets besides income from her medical practice and businesses, including millions of dollars in real estate holdings and substantial assets in Trust No. 4 which, according to the parties' prenuptial agreement had assets valued at approximately $37.4 million. Respondent's forensic accountant, Jason P. Wegis, attested to various discrepancies and omissions in appellant's financial documentation, and opined that appellant was deflating her actual income and her ability to access nonincome producing assets.

The hearing on appellant's motion was continued several times. The parties filed supplemental income and expenses declarations as well as supplemental declarations with updated information, in the months leading up to the July 2021 hearing. The parties' respective forensic accountants also provided supplemental declarations.

Between the time she filed her motion in July 2020 and the hearing a year later, appellant filed five supplemental declarations. In her supplemental declaration filed June 21,

2021, appellant reported that her monthly income had declined to just over $7,000. Blue Shield had cancelled its contracts with her, and both Precision Connect and Transit Assist were being closed down. As for her rental properties, appellant said she had taken her property in Rancho Mirage off the market due to lack of interest and was attempting to rent it again, while also considering updates to the home to improve her chances of eventually selling it. She was able to obtain a short-term tenant, but just for two months at $15,000 per month and had a new tenant in one of her Pasadena properties. Appellant said she anticipated her monthly income might rise to approximately $12,000 in light of the additional monies from her rental properties. Appellant's forensic accountant, JB Rizzo, also filed a supplemental declaration, disagreeing with Mr. Wegis's analysis and supporting appellant's assertion of a significant decline in income.

The hearing on appellant's motion and respondent's request for fees was held on July 14, 2021. During the hearing, the court said it had concerns about appellant's credibility and did not believe she had met her burden for obtaining a modification. The parties argued at some length, focused primarily on the issue of whether, notwithstanding any decrease in income from appellant's medical practice and businesses, she nonetheless had access to substantial assets, including her real estate holdings and her beneficial interest in Trust No. 4.

The court said it believed there was a "huge disparity" between the parties due to appellant's real estate holdings alone. "[T]he children are clearly living one lifestyle with mom and living a completely different lifestyle with dad. I just don't see how that is in the children's best interest." Appellant was placed under oath to testify in support of her request for relief from the

6

court. Appellant agreed with the court that she can access her real estate holdings and try to increase her earnings as a doctor in order to maintain her standard of living and provide support for her children. But, she emphasized that was not enough, and she received no income, and could not access any income or monies, from Trust No. 4 that was controlled by her mother.

## 3. The Court's Orders

The court issued a minute order denying appellant's motion for a modification for failure to demonstrate changed circumstances and ordered respondent to submit a written order for signature by the court. The court took respondent's fee request under submission.

On August 3, 2021, the court issued its order granting in part respondent's request for fees. Respondent had requested total fees in the approximate amount of $391,000. The court ordered appellant to pay respondent attorney fees in the amount of $150,000 and accountant's fees in the amount of $100,000. The court recited its findings in support of its award of fees to respondent. Among other things, the court found that even without relying on the millions of dollars in Trust No. 4 "which may or may not be beyond [appellant's] current ability to access," and without considering the value of appellant's residence, appellant still had "by her own admission" other real estate holdings from which she could obtain the funds necessary to pay the fee award.

On December 2, 2021, the court entered its written order denying appellant's request for a modification of child support. The order included specific findings that appellant was not credible, had made the request for modification "in bad faith," and had not satisfied her burden of proof on the issue of changed circumstances. The court ordered appellant to continue paying

monthly child support in the amount of $17,500 in accordance with the parties' stipulated judgment of dissolution entered in December 2019.

The court subsequently denied appellant's request for findings in accordance with Family Code section 4056, stating it had denied appellant's motion on the ground she did not demonstrate changed circumstances, and therefore no statutory findings were required.

Appellant appealed from both orders. We consolidated the appeals under No. B315029.

## DISCUSSION

### 1.    Appellant's Postjudgment Motion for a Modification of Child Support.

We review an order denying a postjudgment request to modify child support under the deferential abuse of discretion standard. (*In re Marriage of Usher* (2016) 6 Cal.App.5th 347, 357 (*Usher*); accord, *In re Marriage of Rosenfeld & Gross* (2014) 225 Cal.App.4th 478, 485.) A trial court's exercise of discretion with regard to child support must be informed by the statutory requirements which are intended to effectuate California's strong public policy in favor of adequate child support. (*Usher,* at p. 357; accord, *In re Marriage of Williams* (2007) 150 Cal.App.4th 1221, 1234; see also Fam. Code, §§ 4050–4076.)

In conducting our review of the court's order, we resolve any evidentiary conflicts in favor of the trial court's determination and defer to its credibility determinations. (*In re Marriage of Bodo* (2011) 198 Cal.App.4th 373, 384; *In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1099.) We reverse only where prejudicial error is affirmatively demonstrated. (*Bodo,* at p. 384.) A trial court abuses its

discretion if its order was arbitrary, capricious, whimsical, and outside the bounds of reason.

Appellant contends the court abused its discretion by disregarding both state and federal law regarding the modification of child support orders. Appellant insists the court's order was "a child support order" and as such, the court was required to first calculate guideline support and also to state findings to justify a deviation from the guideline amount which is otherwise presumed correct.

But the court did *not* issue a new child support order or modify the existing order. The court denied appellant's motion on the ground she had *not* affirmatively demonstrated a material change in circumstances—a necessary predicate for the court to consider whether a modification of the existing support order was warranted. In denying appellant's motion, the court expressly acknowledged the existing support order from the parties' 2019 stipulated judgment remained in effect.

Appellant cites no authority for the proposition the court must calculate guideline support pursuant to Family Code section 4050 *before* determining whether the moving party has even established changed circumstances. Neither of the two cases appellant cites, *Rojas v. Mitchell* (1996) 50 Cal.App.4th 1445 and *Wilson v. Shea* (2001) 87 Cal.App.4th 887, 891, supports her argument. Both cases accurately state that a court making a child support order must calculate guideline support. But neither case concerns a denial of a modification request on the grounds the moving party failed to demonstrate changed circumstances.

Our task here is to determine whether the court abused its discretion in concluding that appellant failed to demonstrate

changed circumstances.  It is well established that courts will not modify child support "unless there has been a material change of circumstances following the previous determination."  (*Usher*, *supra*, 6 Cal.App.5th at p. 357; accord, *In re Marriage of Brinkman* (2003) 111 Cal.App.4th 1281, 1292 ["party seeking a modification must present evidence that establishes a change of circumstances"]; *In re Marriage of Laudeman* (2001) 92 Cal.App.4th 1009, 1016 (*Laudeman*) [stipulated agreement to pay support above guideline formula cannot be modified downward unless moving party "presents admissible evidence of changed financial circumstances"].)

" 'There are no rigid guidelines for evaluating whether circumstances have sufficiently changed to warrant a child support modification.' " (*Usher*, *supra*, 6 Cal.App.5th at p. 358.) "Each case stands or falls on its own facts, but the overriding issue is whether a change has affected either party's financial status." (*Laudeman*, *supra*, 92 Cal.App.4th at p. 1015.)  Where, as here, the existing child support order was the result of a stipulated agreement between the parties, the trial court is required to give effect to the parties' intent and reasonable expectations as expressed in the agreement in resolving whether a material change in circumstances has occurred. (*Usher,* at p. 358.)

Respondent argued, and the trial court agreed, that notwithstanding any decrease in appellant's income from her medical practice and businesses, she still had substantial assets upon which she could rely.  In *Usher*, the supporting father experienced a significant drop in monthly income from approximately \$350,000 to just over \$70,000.  (*Usher*, *supra*, 6 Cal.App.5th at p. 352.)  He therefore sought a modification of

his monthly child support obligation which he, like appellant here, had agreed to in a stipulated judgment. The trial court granted father a reduction in child support but the appellate court reversed, concluding the court had abused its discretion in finding changed circumstances because of the evidence of father's overall wealth from sources other than employment income. The court said, "[w]e conclude that substantial evidence did not support a finding that [father's] reduction in employment income constituted a material change in his ability to provide the level of child support he had agreed was 'in [the] best interest' of his son." (*Id*. at p. 363.)

The same is true here. The record does not contain substantial evidence that appellant's decrease in income materially impaired her ability to pay the child support to which she agreed. Appellant has failed to show the court abused its discretion in denying her request for a modification for failing to show the required changed circumstances.

## 2.    The Award of Fees

Appellant also contends the trial court abused its discretion in awarding respondent $150,000 in attorney fees and an additional $100,000 for accountant's fees. Appellant says the fee award is unsupportable for the same reasons as the court's denial of her request for a modification of her child support obligation. She says the court improperly imputed income to her from Trust No. 4 and failed to acknowledge the loss of income she experienced due to the pandemic, including the closure of her two companies, Precision Connect and Transit Assist.

Family Code section 2030, subdivision (a)(1) provides in relevant part that "the court shall ensure that each party has access to legal representation" and may order one party to pay

the other party "whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding." An award of fees should be "just and reasonable under the relative circumstances of the respective parties." (§ 2032.)

The court made specific findings on the parties' relative financial disparity and the fact that appellant had substantial assets from which to pay fees. Appellant has not demonstrated the court awarded fees in contravention of the statutory scheme or otherwise committed error.

## DISPOSITION

The postjudgment order denying appellant Maureen Amber Tyson's motion for a modification of child support is affirmed. The order awarding $250,000 in fees to respondent is also affirmed.

Respondent Joshua Richard Calhoun shall recover costs of appeal.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.



WILEY, J.