Filed 9/29/15  Marriage of Khosravi CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of CATALINA and NASSER KHOSRAVI. | |
| CATALINA QUINN,<br><br>    Appellant,<br><br>        v.<br><br>NASSER KHOSRAVI,<br><br>    Respondent. | G050043<br><br>(Super. Ct. No. 10D000921)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Barry S. Michaelson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded.

Law Offices of William J. Kopeny and William J. Kopeny for Appellant.

Law Offices of Saylin & Swisher, Brian G. Saylin, Lindsay L. Swisher and Daniela A. Laakso for Respondent.

\*          \*          \*

Appellant Catalina Quinn and respondent Nasser Khosravi stipulated to a judgment dissolving their marriage and requiring Khosravi to pay $2,500 monthly child support. Soon after the trial court entered judgment, Khosravi filed the first of four requests to reduce child support, arguing his income from the pizzeria he owned and operated had significantly declined and the stipulated amount of child support greatly exceeded the amount set by the mandatory Family Code guideline formula. On his fourth attempt, Khosravi succeeded in convincing the trial court to reduce the monthly child support to $824. The court did so despite finding there was no material change in circumstances to justify reducing child support and Khosravi had the ability to pay the agreed-upon amount. Quinn promptly appealed from that order.

Meanwhile, Khosravi filed a new trial motion asking the court to modify its statement of decision to include a finding that there was a material change in circumstances based on a reduction in his income. The trial court denied the motion, but exercised its authority under Code of Civil Procedure section 662 to modify its order and statement of decision in an action tried without a jury. In doing so, the trial court did not change or delete any of the findings in its original order and statement of decision. Instead, the trial court again found "there was not a material change of circumstances to [Khosravi's] gross income," but added the inconsistent finding that there was "a material change of circumstances from the decrease of [Khosravi's] gross monthly income."

Khosravi contends we should dismiss the appeal because Quinn appealed from the original order, and the second order is the only appealable order because it substantially modified the first. We disagree for two reasons. First, the second order did not substantially modify the first because it did nothing to change the court's initial conclusion or materially affect the parties' rights. The later order simply added a finding; it did not change the court's decision to reduce child support, the amount of the reduction, or the effective date of the reduction. Second, assuming Quinn was required to appeal from the second order, we exercise our discretion to treat a premature notice of

2

appeal as though it was filed immediately after the operative order or judgment because the court's second order did not change the decision the court made in its original order.

On the merits, we reverse. A trial court must find a material change in circumstances before modifying a child support order even if the parties initially had stipulated to a support amount exceeding the statutory guideline. The trial court's decision to reduce child support, and its belated finding that there was a change in circumstances based on a decrease in Khosravi's gross monthly income, are inconsistent with the finding the court made in both its original and amended order that there was no material change in circumstances regarding Khosravi's gross income. These contradictory findings amount to a failure to make a finding on a material issue. We therefore remand for the trial court to issue a new statement of decision reconciling the inconsistencies in its previous orders and to make a clear finding on whether Khosravi met his burden to show a material change in circumstances.

I

FACTS AND PROCEDURAL HISTORY

Quinn and Khosravi married in October 2002, and they separated in January 2010. The couple have two minor children. Before, during, and after the marriage, Khosravi owned and operated a pizzeria in a large shopping mall as his principal source of income.

In February 2010, Quinn filed this action to dissolve the marriage and the couple promptly stipulated to a judgment resolving all issues while both were self-represented. The stipulated judgment established child custody and visitation, divided all community property, and required Khosravi to pay Quinn $2,500 monthly child support and $1,700 monthly spousal support. The judgment required Khosravi to pay child support until the children reached the age of majority, but limited spousal support to four

3

years.  The record does not reveal what the statutory guideline amount of child support was at the time the court entered the judgment.

After entry of judgment, Khosravi immediately fell behind in his spousal support obligations, and in August 2010, he filed the first of four orders to show cause to reduce the amount of his child and spousal support obligations.  He claimed his income from the pizzeria had decreased significantly and the child support amount to which he previously stipulated exceeded the amount dictated by the statutory guideline formula.  In December 2010, the couple resolved Khosravi's modification request by stipulating to reduce spousal support to $1,300 per month and to leave child support unchanged.  Khosravi nonetheless continued to fall behind in his spousal support obligations and Quinn obtained a wage assignment order for the arrearages.

In April 2011, Khosravi filed a second request to reduce both his child and spousal support obligations.  He again claimed the stipulated amount of child support exceeded the statutory guideline amount, and the total amount of child and spousal support constituted an economic hardship for him.  The court denied Khosravi's request without explanation.

In January 2012, Khosravi filed a third order to show cause asking the court to reduce the monthly amount of child and spousal support.  He claimed his income from the pizzeria had dropped 50 percent and he could not continue to pay child support in excess of the statutory guideline.  In March 2012, the court again denied Khosravi's request without comment.  A few months later, Khosravi and Quinn resolved their disputes over spousal support, with Khosravi agreeing to make a $15,000 lump sum payment in exchange for Quinn waiving past and future spousal support claims.  The couple's stipulation did not alter Khosravi's child support obligations.

In December 2012, Khosravi filed his fourth request to reduce his child support obligations to the guideline amount, again claiming a significant decrease in his income from the pizzeria.  On its own motion, the trial court appointed a forensic

4

accounting expert to review Khosravi's and the pizzeria's financial records to determine the net amount of Khosravi's income available for child support.

In February 2014, the court conducted a hearing on Khosravi's modification request. Both Khosravi and Quinn testified and the court received the forensic accountant's report, but the accountant did not testify. After the hearing, the trial court granted Khosravi's request and reduced his monthly child support from $2,500 to $824, effective April 1, 2014. The court also ordered Khosravi to pay the forensic accountant's fees and contribute $7,500 toward Quinn's attorney fees.

In its statement of decision, the court explained Khosravi's credibility was "at issue" because he based the request to reduce child support on a sharp decline in his income from the pizzeria, where 50 percent of the business was in cash. The court also noted Khosravi had a history of misreporting his income to suit his needs. For example, when Khosravi sought to reduce his support obligations in early 2012, he claimed the pizzeria's business was down 50 percent, but the forensic accountant's analysis revealed less than a one percent decrease in the pizzeria's gross profits from 2011 to 2012. The forensic accountant's analysis also revealed Khosravi consistently underreported the pizzeria's income to the Internal Revenue Service (IRS) when compared to the income he reported to the pizzeria's landlord.[1] Moreover, just four months before filing his fourth modification request, Khosravi purchased a $160,000 Porsche automobile with $1,600 monthly payments. Khosravi testified he reported $150,000 in annual income on the credit application to purchase the automobile because he thought that was the amount necessary to secure the loan. Finally, after noting the forensic accountant based his

---

[1]     Specifically, in 2011, Khosravi reported approximately $92,000 more in income to his landlord than he did to the IRS, or about $7,700 per month. In 2012, the number grew to nearly $104,000, or about $8,700 per month. For the first nine months of 2013, Khosravi reported $37,000 more in income to the landlord than to the IRS, or about $4,100 per month.

5

analysis on information obtained from Khosravi, the court emphasized the accountant found Khosravi's "[monthly] gross *known* net income available for support before income taxes" was $15,354 in 2012 and $10,575 in 2013. (Italics added.)

Based on the foregoing, the court concluded, "there was not any material change of circumstances" from the date the court denied Khosravi's last modification request in March 2012, to the end of 2013, or from the date Khosravi filed the current modification request in December 2012, to the end of 2013.[2] According to the court, "Khosravi had the ability to pay the child support. The ability to apply for and obtain a loan to purchase the Porsche and then to make the payments of $1600 a month for a substantial period of time through almost the end of 2013 belies any rational reason to reduce the child support." Nonetheless, the court reduced Khosravi's monthly child support from $2,500 to $824. The court apparently based the new support amount on the guideline formula using $10,575 as Khosravi's monthly income.

After the court entered its order reducing Khosravi's child support obligations, Quinn promptly filed a notice of appeal from that order. A few days later, Khosravi filed a new trial motion and a motion to vacate the trial court's order, arguing the court's order and statement of decision were inconsistent and against the law because the court reduced Khosravi's child support obligations despite finding no material change in circumstances. Khosravi suggested the court could correct its order by amending it to include a finding of changed circumstances based on the evidence presented at the hearing. In opposition, Quinn also pointed out the inconsistency in the trial court's order and statement of decision. She argued the court should correct the inconsistency by

---

[2] In the trial court, the parties debated whether the baseline for determining a change in circumstances was measured from the date on which the trial court denied the last modification request or the date on which the judgment establishing the amount of child support was entered. The trial court concluded the proper baseline date was the date on which it denied the last modification. Neither side challenges that ruling on appeal.

denying Khosravi's modification request because the record supported the court's finding there was no material change in circumstances.

The court denied both of Khosravi's motions, but "exercise[d] its authority to modify the order." It did so by adding the following three sentences to the end of its statement of decision: "'The Court finds that there was not a material change of circumstances to [Khosravi's] gross income from . . . the date of the court ruling on [Khosravi's] previously filed OSC re Modification of Child Support or . . . the date of filing of [Khosravi's] present Request for Order to December 31, 2013. The Court does find a material change of circumstances from the decrease of [Khosravi's] gross monthly income determined by [the forensic accounting expert] from $15,354 per month in 2012 to $10,575 per month in 2013. In the court's discretion, the appropriate commencement date for the modified child support is April 1, 2014.'" The court did not delete or revise any of the findings in its original statement of decision. Quinn did not file a separate notice of appeal from the trial court's second order modifying its original order and statement of decision.

## II

### DISCUSSION

A.    *This Court Has Jurisdiction to Hear Quinn's Appeal*

Although he did not file a motion to dismiss, Khosravi contends we should dismiss Quinn's appeal because she appealed from "a non-final order and the time has run to file from the actual final order." According to Khosravi, the trial court's original order granting his request to modify child support is not appealable because the court's later order "substantially modified" the original order, and therefore the only appeal lies from the later order. Not so.

In support, Khosravi relies on two distinct lines of cases without explaining how those cases apply to bar Quinn's appeal. First, he cites cases that identify the

7

operative appeal when an appellant timely appeals from both an original judgment and a later amended judgment. These cases hold the operative appeal is the appeal from the amended judgment, and the appeal from the original judgment is ineffective, if the amended judgment substantially modifies the original judgment. (See *Neff v. Ernst* (1957) 48 Cal.2d 628, 634 (*Neff*); *Avenida San Juan Partnership v. City of San Clemente* (2011) 201 Cal.App.4th 1256, 1267-1268 (*Avenida San Juan*).)

Second, Khosravi cites cases that address whether an appeal must be dismissed as untimely when the appellant appeals after an amended judgment is entered and the time to appeal from the original judgment has expired. These cases hold the amended judgment supersedes the original judgment and restarts the time to appeal so as to render the appeal timely if the amended judgment substantially modifies the original judgment. (See *Rosen v. LegacyQuest* (2014) 225 Cal.App.4th 375, 380; *Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 764-767 (*Sanchez*); *Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 221-224; *Stone v. Regents of University of California* (1999) 77 Cal.App.4th 736, 743-745.)

We are not confronted with either situation. Quinn did not appeal from both the original order modifying child support and the amended order, and therefore we need not identify the operative appeal. Nor did Quinn wait to appeal until after the amended order was entered and the time to appeal from the original order had expired, and therefore we have no need to decide whether the amended order supersedes the original order and restarts the time to appeal. Instead, Quinn timely appealed from the trial court's original order *before* the court issued its second order modifying the original order. Thus, even if we accept Khosravi's premise that the only appeal lies from the second order modifying the original order, Quinn prematurely filed her notice of appeal. None of the cases Khosravi cites addresses that situation.

Although we must dismiss an appeal based on a late notice of appeal (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504 (*Dakota*

8

*Payphone*)), the same is not true for a premature notice of appeal. California Rules of Court, rule 8.104(d)(2) provides, "The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment." (See *Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 36 (*Village Nurseries*).)

In *Village Nurseries*, the trial court granted summary judgment to all defendants, but the judgment the court entered, and from which the plaintiff appealed, omitted one of the defendants. Several months after it entered the original judgment, the trial court entered an amended judgment to add the omitted defendant. On appeal, the omitted defendant argued the amended judgment in its favor was not properly before the Court of Appeal because the plaintiff never appealed from that later judgment. The *Village Nurseries* court rejected that argument and exercised its discretion to treat the plaintiff's notice of appeal as filed immediately after entry of the amended judgment because the trial court had announced its decision and intent to include the omitted defendant in the judgment before the plaintiff appealed. (*Village Nurseries*, *supra*, 101 Cal.App.4th at p. 36.)

Here, assuming Quinn's appeal lies from the later order modifying the original order, we exercise our discretion to treat Quinn's notice of appeal as filed immediately after the trial court entered its second order. (Cal. Rules of Court, rule 8.104(d)(2); *Village Nurseries*, *supra*, 101 Cal.App.4th at p. 36.) The trial court's original order granted Khosravi's modification request and reduced child support to $824 per month. The court's second order merely added three sentences to the original statement of decision to bolster the original order; it did not change the outcome or the parties' rights in any way.

Moreover, Khosravi fails to establish the fundamental premise of his argument—that is, Quinn's only appeal lies from the amended order because that order substantially modified the original order. As explained above, both lines of cases

9

Khosravi cites apply only when the amended judgment or order substantially modifies the original judgment or order. (See, e.g., *Neff*, *supra*, 48 Cal.2d at p. 634 ["When the court . . . enters a substantially modified judgment, that judgment becomes the final judgment of that court and the appeal from the prior judgment becomes ineffective"]; *Sanchez*, *supra*, 200 Cal.App.4th at p. 765 ["the appropriate test [is] whether the amended judgment resulted in a *substantial modification* of the original judgment" (original italics)].) Khosravi fails to explain how the amended order substantially modified the original order.

A substantial modification is "'one materially affecting the rights of the parties.'" (*Sanchez*, *supra*, 200 Cal.App.4th at p. 765; see *Dakota Payphone*, *supra*, 192 Cal.App.4th at p. 505.) As explained above, the amended order in this case did not change the court's initial decision on Khosravi's modification request, it did not change the amount of the reduction in child support, and it did not change the effective date of the reduction. The amended order merely added three sentences to the original order, and two of those sentences simply repeated findings in the original order.[3] We therefore conclude the amended order did not materially affect the parties' rights and Quinn was not required to separately appeal from the amended order after timely appealing from the original order. (*Dakota Payphone*, at p. 509 [amended default judgment did not substantially modify original default judgment when it struck all damages in excess of what was sought in plaintiff's complaint because amended judgment did not affect defendant's right to appeal from original judgment's award of damages in amount sought in plaintiff's complaint].)

---

[3]     Of the three sentences the court added to its statement of decision, only the second sentence finding a change in circumstances based on a decrease in gross monthly income added a new finding. The first sentence simply repeated the court's original finding that there was no change in circumstances, and the third sentence repeated that the child support modification commenced on April 1, 2014.

10

B.      *The Trial Court Had Jurisdiction to Modify Its Original Order and Statement of Decision When Ruling on Khosravi's New Trial Motion*

Quinn contends we must disregard the trial court's amended order and statement of decision because the court lacked jurisdiction to change its original order and statement. According to Quinn, once it denied Khosravi's new trial motion, the trial court lost jurisdiction to modify its original order and statement of decision because Quinn already had filed her notice of appeal from the original order. Quinn is mistaken.

Although a trial court generally loses jurisdiction to take any further action once a party files a notice of appeal, there are several exceptions to that rule. (*Neff*, *supra*, 48 Cal.2d at pp. 633-634; *Avenida San Juan*, *supra*, 201 Cal.App.4th at p. 1267.) Those exceptions include the jurisdiction to grant a new trial motion or take any other statutorily authorized action, such as conditionally denying the motion subject to a party accepting certain conditions such as an additur or a remittitur. (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 191; *Neff*, at pp. 633-634; see Code Civ. Proc, §§ 657, 662.5, subd. (a).)

When ruling on a new trial motion in an action tried without a jury, Code of Civil Procedure section 662 also allows a trial court to "change or add to the statement of decision" or "modify the judgment, in whole or in part" without granting a new trial.[4] (Code Civ. Proc., § 662; *Avenida San Juan*, *supra*, 201 Cal.App.4th at p. 1267; *Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 899-900 (*Uzyel*).) "The effect of granting relief pursuant to Code of Civil Procedure section 662 is to deny the new trial motion." (*Uzyel*,

---

[4]     Code of Civil Procedure section 662 provides, "In ruling on such motion, in a cause tried without a jury, the court may, on such terms as may be just, change or add to the statement of decision, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the statement of decision and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before a decision had been filed or judgment rendered."

11

at p. 900.) "While one of the statutory grounds for a new trial must exist for the trial court to grant a new trial motion, such a ground does not have to exist for the court to grant alternative relief under [Code of Civil Procedure] section 662." (*Concerned Citizens Coalition of Stockton v. City of Stockton* (2005) 128 Cal.App.4th 70, 79 (*Concerned Citizens*).)

Here, both Khosravi's new trial motion and Quinn's opposition cited the authority Code of Civil Procedure section 662 grants the trial court. In denying the new trial motion, the trial court noted that it was exercising its authority to modify its original order. (See *Concerned Citizens*, *supra*, 128 Cal.App.4th at pp. 77-78 ["""[P]roper practice is to deny the motion for new trial and, in conjunction with such ruling, to grant the alternative relief provided in [Code of Civil Procedure] section [662]"""].) The trial court had jurisdiction to modify its original order and statement of decision, and we therefore must consider the modified order and statement of decision in deciding Quinn's appeal.

C.     *The Trial Court's Statement of Decision Does Not Support Its Decision to Reduce Khosravi's Child Support*

1.     Governing Legal Principles

California has a strong public policy in favor of adequate child support and that policy is expressed in the statutes establishing the statewide uniform child support guideline. (*In re Marriage of Bodo* (2011) 198 Cal.App.4th 373, 385 (*Bodo*); see Fam. Code, §§ 4050-4076.) The guideline requires courts to calculate child support using the mathematical formula set forth in Family Code section 4055. The amount established by the statutory formula is presumptively correct and special circumstances must exist for the court to deviate from the guideline amount. A stipulation by the parties to a different amount qualifies as a permitted deviation. (*Bodo*, at pp. 385-386.) Where, as here, the stipulated amount of child support exceeds the guideline amount, "the reasons for the

12

deviation are plainly irrelevant" because the statutory scheme requires the parties to justify a stipulated amount only when it falls below the guideline amount. (*In re Marriage of Laudeman* (2001) 92 Cal.App.4th 1009, 1014 (*Laudeman*).)

Trial courts have authority to modify child support at any time, even if the parties stipulated to the amount of support. (Fam. Code, § 3651, subds. (a) & (e); *Bodo*, *supra*, 198 Cal.App.4th at p. 386.) Evidence of changed circumstances generally is a jurisdictional prerequisite for a court to modify child support (*Bodo*, at p. 390; *In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 298), and the parent seeking the modification bears the burden to produce that evidence (*In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, 1303-1304). "For a change in circumstances to exist there must have been a material change since the entry of the previous order. In other words if the circumstances in question existed at the time of the previous order those circumstances presumably were considered when the previous order was made and bringing them to the court's attention years later does not constitute a 'change' in the circumstances." (*In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 47.)

Family Code section 4065 authorizes the trial court to modify child support without a material change in circumstances if the parties stipulated to an amount lower than the guideline amount, but there is no similar statutory provision allowing modification of stipulated child support that exceeds the guideline amount.[5] (*Bodo*, *supra*, 198 Cal.App.4th at p. 388.) Indeed, "a child support order based upon a stipulation to pay more than the uniform guideline formula amount cannot be modified downward unless the obligor presents admissible evidence of changed financial

---

[5] Family Code section 4065, subdivision (d), provides, "If the parties to a stipulated agreement stipulate to a child support order below the amount established by the statewide uniform guideline, no change of circumstances need be demonstrated to obtain a modification of the child support order to the applicable guideline level or above."

13

circumstances." (*Laudeman*, *supra*, 92 Cal.App.4th at p. 1016; see *Bodo*, at p. 388 ["'In short, the statute lets either party "'renege' on the stipulation at any time, and without 'grounds,'" if the stipulated award is below the guideline amount [citation], but otherwise adheres to pre-guideline law and requires proof of changed circumstances to reduce a higher award'"].)

"When modifying a support order, the trial court must provide a statement of decision explaining its ruling if requested by either parent.  [Citations.]  A statement of decision generally must provide the factual and legal basis for the trial court's decision as to each of the principal controverted issues." (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1248; see Fam. Code, § 3654.)

The trial court's failure to provide a statement of decision upon timely request is reversible error.  (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 294.) Similarly, "[f]indings so ambiguous that the court's reasoning cannot be determined may be ground for reversal of the judgment because they prevent meaningful appellate review." (Wegner et al., Cal. Practice Guide:  Civil Trials and Evidence (The Rutter Group 2014) ¶ 16:207, p. 16-47; see *Mitidiere v. Saito* (1966) 246 Cal.App.2d 535, 539 (*Mitidiere*) [judgment reversed because ambiguity in trial court's statement of decision prevented appellate court from determining how trial court resolved material issue].)

2.     The Trial Court Issued Contradictory Findings on Whether a Material Change in Circumstances Existed

Khosravi argued his decreased income from the pizzeria demonstrated the requisite change in circumstances.  In its original order and statement of decision, the trial court rejected Khosravi's argument and concluded "there was not any material change of circumstances" to justify a reduction, explaining Khosravi had demonstrated the ability to pay the stipulated amount of child support by obtaining a loan to purchase a $160,000 Porsche and agreeing to make $1,600 monthly payments over the same time period covered by the modification request.

The court also noted Khosravi's credibility was at issue because 50 percent of the pizzeria's business was in cash, the forensic accounting expert's analysis was based on information Khosravi provided, and Khosravi had a history of misreporting his income to suit his needs, such as significantly underreporting his income to the IRS, and claiming a 50 percent decrease in business in his prior modification request when the forensic accountant's analysis found less than a one percent decrease in the pizzeria's business over the same time period. Despite these findings, the court's original order and statement of decision reduced Khosravi's monthly child support payments by two-thirds, apparently based on the stipulated amount of child support exceeding the guideline amount by that same ratio.

In its amended order and statement of decision, the trial court did not change or delete any of these findings. Indeed, the court repeated its finding of no material change in circumstances: "The Court finds that there was not a material change of circumstances to [Khosravi's] gross income [between 2012 and 2013]." In an apparent attempt to bolster its decision to reduce child support, however, the trial court also added the following: "The Court does find a material change of circumstances from the decrease of [Khosravi's] gross monthly income determined by [the forensic accounting expert] from $15,354 per month in 2012 to $10,575 per month in 2013."

As explained above, a finding of changed circumstances is a jurisdictional prerequisite to reducing the amount of Khosravi's child support, even if the amount to which the parties originally stipulated exceeds the statutory guideline amount. (*Bodo*, *supra*, 198 Cal.App.4th at p. 388; *Laudeman*, *supra*, 92 Cal.App.4th at p. 1016.) The trial court's findings, however, are irreconcilably in conflict on that point. On the one hand, the court questioned the credibility of Khosravi and the information he provided the forensic accounting expert, concluding there had been no material change in circumstances to Khosravi's gross income. Yet the court found a material change in circumstances from the decrease in Khosravi's gross monthly income during the same

15

time period. The court did not explain how there could be no material change in gross income and a material change in gross monthly income.

This conflict in the trial court's findings amounts to no finding at all on this critical issue, and therefore we must reverse and remand for the trial court to correct its statement of decision and resolve this conflict by clearly finding whether a material change in circumstances exists. (*Mitidiere*, *supra*, 246 Cal.App.2d at pp. 539-540 [ambiguous finding in statement of decision resulted in "no intelligible finding at all" on material issue]; see *In re Marriage of Hardin* (1995) 38 Cal.App.4th 448, 453 [statement of decision that fails to make finding on material issue inadequate as a matter of law].) If the trial court concludes there is a material change in circumstances, it may modify the existing child support order. But if the trial court concludes there is no material change in circumstance, it must deny Khosravi's modification request. The determination whether a material change in circumstances exists is vested in the trial court's discretion in the first instance, and we express no opinion on how the court should resolve that issue on remand. (See *In re Marriage of Williams* (2007) 150 Cal.App.4th 1221, 1233-1234.)

Khosravi attempts to reconcile the trial court's findings by arguing the court found the pizzeria's gross revenues did not change, but Khosravi's income from the pizzeria changed because the pizzeria's expenses significantly increased. We disagree. That is not what the court found. The court's findings simply stated "there was not a material change of circumstances to [Khosravi's] gross income" and there was "a material change of circumstances from the decrease of [Khosravi's] gross monthly income" during the same time period. We cannot speculate as to what the court might have meant and Khosravi provides no specific record citation to support his explanation. Khosravi's general reference to the forensic accounting expert's report is not sufficient. Moreover, Khosravi's explanation does not address the questions the trial court's findings raised about the credibility of Khosravi and the information he provided the forensic accounting expert.

16

Khosravi also contends we must resolve this ambiguity in his favor because Quinn did not bring it to the trial court's attention. Not so. The implied findings doctrine requires a party to bring any ambiguity in a statement of decision to the trial court's attention or the appellate court will infer the trial court resolved the ambiguity in the prevailing party's favor and imply all findings necessary to support that resolution. (Code Civ. Proc., § 634; *Uzyel*, *supra*, 188 Cal.App.4th at p. 896.) "To bring an omission or ambiguity to the trial court's attention . . . a party must identify the defect with sufficient particularity to allow the court to correct the defect." (*Uzyel*, at p. 896.) A party may bring an ambiguity to a trial court's attention either by filing objections before the court enters judgment or in conjunction with a new trial motion or a motion to vacate the judgment. (Code Civ. Proc., § 634; *Uzyel*, at p. 896.)

Here, both Khosravi's new trial motion and Quinn's opposition informed the trial court that it could not modify child support while finding there was no material change in circumstances. Khosravi argued the court should change the finding to conclude there was a material change in circumstances, and Quinn argued the court should change its ruling to deny the modification request based on the lack of any changed circumstances. In response, the court did not change its initial finding Khosravi had not shown a material change in circumstances. Instead, its amended order repeated that finding and then added the inconsistent finding that a material change in circumstances had occurred based on a decrease in Khosravi's gross monthly income. At the hearing on the new trial motion, Quinn requested the court explain this inconsistency in a further statement of decision, but the court denied that request. Accordingly, Quinn satisfied her obligation to bring the ambiguity to the trial court's attention, and therefore the implied findings doctrine does not apply. (Code Civ. Proc., § 634.)

III

The order is reversed and remanded for the trial court to issue a new statement of decision and ruling consistent with this opinion.  Quinn shall recover her costs on appeal.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.


18