Filed 8/27/24  Rosenlund v. Rosenlund CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| BRIAN ROSENLUND, | B331053 |
| Plaintiff and Appellant, | (Los Angeles County |
| v. | Super. Ct. No. 18STFL03527) |
| CRYSTAL ROSENLUND, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Wendy Wilcox, Judge.  Affirmed.

Brian Rosenlund, in pro. per., and Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## INTRODUCTION

Appellant Brian Rosenlund seeks to modify his child support obligation. After the dissolution of his marriage to Crystal Rosenlund,[1] the court entered a judgment requiring Brian to pay child support. When he subsequently lost his job, Brian made multiple requests to modify the child support obligation. Brian appeals from the court's April 20, 2023, order denying his second request to modify child support. The record is insufficient to establish the trial court abused its discretion in denying Brian's second request for modification. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Our ability to discern the factual and procedural history of this case is hampered because of the sparse record on appeal, consisting only of Brian's opening brief, a clerk's transcript, and five additional documents Brian submitted to augment the record. The clerk's transcript on appeal is meager, containing only six documents that pre-date Brian's appeal. The record does not include reporter's transcripts from the hearings on Brian's second request for modification. Crystal has elected not to file a brief or appendix contesting Brian's appeal. We therefore summarize the factual and procedural history as best we can based on the record before us.

Brian and Crystal were married on December 12, 2009, and had three children. On September 4, 2019, the family court entered a judgment of dissolution terminating the marriage. After a contested trial, the court entered a judgment on November 17, 2021, requiring Brian to pay Crystal $7,117 per month in child support.

---

[1] We refer to Brian and Crystal by their first names to avoid confusion. We mean no disrespect.

2

On March 4, 2022, Brian filed a request for an order modifying spousal and child support.  In that request, Brian sought to decrease his support allegations on the basis that the loss of his job as a securitized product analyst at TCW LLC on January 28, 2022, constituted a significant change in circumstances.  Brian's request was heard and denied on May 12, 2022.  In denying Brian's request, the court determined there was no significant change in circumstances because, in addition to the severance he received, Brian was receiving $6,500 per month in income from rental properties, had an additional $3.5 million in property, and $371,000 in cash.  The court also questioned whether Brian's earning capacity had materially changed, stating "And you have all the capabilities in the world to have—to get another job, especially in this market.  For the most part, everyone's paying a lot more.  So I'm not seeing it."  Crystal testified at the hearing, indicating that Brian was also in the process of building a $6 million home for himself in Manhattan Beach.  Brian did not appeal the denial of this request for modification.

On September 19, 2022, Brian filed a second request for modification of child support, again claiming the loss of his job in January 2022 was a change in circumstances warranting reduction of his child support obligation.  In his request, Brian stated that he made several efforts to obtain a new job in his former position but had been unsuccessful.  In support of this claim, Brian attached emails indicating that he applied to several companies.  He also attached a website printout that purports to list various other positions he applied for.  He also acknowledged that he received a job offer in July 2022 but turned it down because it would have required relocating to Texas.  Brian indicated that he decided to pivot away from finding re-employment and

instead was focusing full-time on a rental business. He claimed he was currently earning $6,338 per month in rental income from this business.

Brian filed income and expense declarations on September 19, 2022, and January 4, 2023. Neither declaration is included in the record on appeal.

Brian's request for modification was heard on January 11, 2023. At Crystal's request, the court continued the hearing to April 20, 2023. The minute order memorializing the hearing noted that Brian's income and expense declaration was "unclear and incomplete." There is no reporter's transcript or settled statement from the January 11, 2023, hearing.

On March 20, 2023, Brian filed a new income and expense declaration. In this declaration, Brian indicated he received $2,964 per month in investment dividends or interest payments, and $12,669 per month in rental property income. He also indicated he had other assets totaling $3.5 million, without specifying if these assets were personal or real property. He noted his current spouse received $20,000 per month in gross income.

In response, Crystal filed a declaration asserting that Brian owned eight rental properties at the time of dissolution but had since acquired an additional 56 rental properties. Crystal also asserted that Brian had additional investment assets that were never valued in the divorce proceedings and could be worth up to $1 million. She also claimed that Brian and his new spouse were trying to artificially depress Brian's income to minimize his support obligations. She repeated that Brian was in the process of building a $6-7 million home in Manhattan Beach, California.

Brian's request for modification was heard on April 20, 2023. The court's minute order indicates that both parties were sworn and offered testimony. In the minute order, "The Court finds there is no significant change in circumstances for [Brian] and denies [Brian]'s Request for Order.

4

[¶] [Brian] shall continue paying child support as previously ordered by the Court."

There is no reporter's transcript from the April 2023 hearing on Brian's second request to modify child support. In lieu of a reporter's transcript, Brian prepared a settled statement that described a portion of the proceedings. According to Brian's settled statement, the court asked him why he paid rent and a mortgage at the same time. In response, Brian explained that he was currently living in a rental home and the mortgage "is for a home a few blocks away where he intends to move once construction is complete." The court also asked Brian why he didn't live in one of his rental properties. Brian explained that his rental properties are located out of state in Utah and Texas. Brian testified that he lost $63,000 in monthly income since losing his job. He asked the court if he should sell property to satisfy his support obligations and the court "answered yes." Brian also testified that he was being imputed a 20 percent return on his real estate assets. The judge noted Brian had $3.5 million in assets and found no change in circumstances that warranted the reduction of his child support obligations. Brian's settled statement does not provide a summary of Crystal's testimony at the hearing. However, in summarizing the hearing, the settled statement notes that Crystal testified Brian had more than $3.5 million in assets. The settled statement also indicates that the court stated neither of the income and expense declarations submitted by Brian and Crystal "made sense."

On May 16, 2023, Brian filed a document titled "Declaration [illegible] Request Information Used to Determine Guideline Support." In this declaration, Brian asserted the court's April 20 minute order "does not include information about how guideline support was calculated or whether it was calculated." The declaration then requests the court "disclose (1) the net

5

monthly disposable income of each parent as of the date of the latest hearing used for determining the amount of support in this case; (2) the tax filing status of each parent; [and] (3) deductions from gross income" "[p]ursuant to California Family Code section 4056(b)."

On June 14, 2023, Brian filed a notice of appeal from the April 20, 2023, order denying his request to modify child support.

On June 29, 2023, Brian filed another request to modify child support. The court denied the request, finding "there is no change in circumstances to modify the support order."[2] The court also noted that "To the extent the Court has no jurisdiction to make a ruling pending the appeal, the matter is off calendar."

## DISCUSSION

I. *Legal Standards*

"California has a strong public policy in favor of adequate child support. [Citations.] That policy is expressed in statutes embodying the statewide uniform child support guideline. (See Fam. Code, §§ 4050-4076.)" (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 283.) "The guideline seeks to place the interests of children as the state's top priority." (Fam. Code, § 4053, subd. (e).)[3] In setting guideline support, courts are required to adhere to the principles set forth in section 4053, which include: (1) "A parent's first and principal obligation is to support his or her minor children according to the parent's circumstances and station in life"; (2) "[e]ach parent should pay for the support of the children according to his or her ability"; and

---

[2] Brian claims this third request was denied on res judicata grounds.

[3] All further statutory references are to the Family Code unless otherwise stated.

6

(3) "[t]he financial needs of the children should be met through private financial resources as much as possible." (§ 4053, subds. (a), (d), (h).)

"As a general rule, courts will not modify child or spousal support unless there has been a material change of circumstances following the previous determination." (*In re Marriage of Usher* (2016) 6 Cal.App.5th 347, 357 (*Usher*).) "'"[T]he reason for the change of circumstances rule is to preclude relitigation over the same facts" and to bring finality to determinations concerning financial support.'" (*Ibid.*; see also *In re Marriage of Rosenfeld & Gross* (2014) 225 Cal.App.4th 478, 490 ["'Without a changed circumstances rule, "'dissolution cases would have no finality and unhappy former spouses could bring repeated actions for modification with no burden of showing a justification to change the order'"'"].)

The party seeking modification of a child support order bears the burden of showing changed circumstances sufficiently material to support the modification. (*Usher, supra*, 6 Cal.App.5th at pp. 357–358.) "'There are no rigid guidelines for evaluating whether circumstances have sufficiently changed to warrant a child support modification.'" (*Id.* at p. 358.) "Each case stands or falls on its own facts, but the overriding issue is whether a change has affected either party's financial status." (*In re Marriage of Laudeman* (2001) 92 Cal.App.4th 1009, 1015; see also *In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 556 ["'So long as the statewide statutory formula support requirements are met . . . the determination is made on a case-by-case basis and may properly rest on fluctuations in *need* or *ability to pay*'"].)

We review a trial court's determination to grant or deny a request for modification of a child support order for an abuse of discretion. (*In re Marriage of Macilwaine* (2018) 26 Cal.App.5th 514, 527; *In re Marriage of Leonard, supra,* 119 Cal.App.4th at p. 556 ["The ultimate determination of

7

whether the individual facts of the case warrant modification of support is within the discretion of the trial court"].)  Under this standard, we consider only "'whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion.'" (*In re Marriage of Macilwaine, supra*, 26 Cal.App.5th at p. 527, quoting *In re Marriage of De Guigne* (2002) 97 Cal.App.4th 1353, 1360.)  "'We do not substitute our judgment for that of the trial court, but confine ourselves to determining whether any judge could have reasonably made the challenged order.'" (*Ibid.*)  The trial court's discretion must be exercised within the limits of the child support statutes, but we uphold "the exercise of discretion as broadly as possible under the statute." (*In re Marriage of Fini* (1994) 26 Cal.App.4th 1033, 1043.)

"To the extent [appellant] challenges the trial court's factual findings, our review follows established principles concerning the existence of substantial evidence in support of the findings. On review for substantial evidence, we examine the evidence in the light most favorable to the prevailing party and give that party the benefit of every reasonable inference." (*In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 34, quoting *In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1150–1151, internal quotation marks omitted.)  "We do not reweigh the evidence or reconsider credibility determinations." (*In re Marriage of Dandona & Araluce* (2001) 91 Cal.App.4th 1120, 1126.)

II.     *Insufficient Record*

We must first address the inadequacy of the record on appeal, because the deficiencies of this record necessarily limit the scope of our review.  "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*.  All

intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) There is an "obligation as appellant to present a complete record for appellate review, and in the absence of a required reporter's transcript and other documents, we presume the judgment is correct." (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.) "The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) These rules are equally binding on litigants acting in propria persona. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

### 1. *No Statement of Decision*

To evaluate Brian's challenge to the court's April 20, 2023, order, we require an adequate record on appeal. The April 2023 minute order simply states, "The Court finds there is no significant change in circumstance for [Brian] and denies [Brian]'s Request for Order." The order does not provide any indication of how the trial court arrived at that conclusion or what evidence it relied on to do so.

It does not appear that either party requested a statement of decision pursuant to Code of Civil Procedure section 632, which would have provided us with the trial court's reasoning and analysis on disputed issues. (*City and County of San Francisco v. H.H.* (2022) 76 Cal.App.5th 531, 544.) In his brief,

9

Brian asserts that he "requested a statement of decision pursuant to Code of Civil Procedure section 632. Specifically, I requested that the court provide a written statement explaining the factual and legal basis for the court's decision." This assertion is unsupported by any citation to the record. The record before us does not include a request for a statement of decision under Code of Civil Procedure section 632. (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 ["if it is not in the record, it did not happen"].)

To the extent Brian attempts to cast his May 16, 2023, declaration as a request for a statement of decision under Code of Civil Procedure section 632, he is mistaken. The declaration expressly states it requests three specific categories of information pursuant to Family Code section 4056, subdivision (b). The declaration does not reference Code of Civil Procedure section 632 or include a request for a statement of decision.

Even if we were to construe Brian's request for disclosures under the Family Code as a request for a statement of decision under Code of Civil Procedure section 632, his request was untimely. Under section 632, a party must request a statement of decision "within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision." Brian's declaration did not satisfy either of these deadlines as it was filed nearly a month after the court issued its ruling. Accordingly, Brian has not established he ever made a timely request for a statement of decision under Code of Civil Procedure section 632.

When the parties fail to timely request a statement of decision, we apply the doctrine of implied findings under which we "'must presume the

10

trial court made all factual findings necessary to support the judgment for which there is substantial evidence.'" (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1248.) "A party who does not request a statement of decision may not argue the trial court failed to make any finding required to support its decision." (*Ibid.*)

Under the doctrine of implied findings: ""'the necessary findings of ultimate facts will be implied, and the only issue on appeal is whether the implied findings are supported by substantial evidence."'" (*Abdelqader v. Abraham* (2022) 76 Cal.App.5th 186, 197.) We conclude the court determined Brian did not satisfy his burden of showing that he lacked the ability and opportunity to maintain his prior income. Therefore, he failed to show a material change in circumstances warranting a modification in support. We must determine whether this factual finding is supported by substantial evidence.

### 2.    *Deficient Settled Statement*

The record before us does not include reporter's transcripts from either of the two relevant hearings. On appeal, Brian prepared a settled statement only for the second hearing on April 20, 2023. This settled statement is deficient.

"A settled statement is a summary of the superior court proceedings approved by the superior court." (Cal. Rules of Court, rule 8.137(a).) It "must" contain "a statement of the points the appellant is raising on appeal" and "a condensed narrative of the oral proceedings" relevant to the appeal. (Cal. Rules of Court, rule 8.137(d)(1), (2).) "The condensed narrative must include a concise factual summary of the evidence and the testimony of each witness relevant to the points that the appellant states . . . are being raised

11

on appeal. . . . Any evidence or portion of a proceeding not included will be presumed to support the judgment or order appealed from." (Cal. Rules of Court, rule 8.137(d)(2)(A).)

The January 11, 2023, minute order from the first hearing indicates Brian was sworn and testified at the hearing. Brian did not provide a settled statement for this hearing, and thus we are without any record of Brian's testimony or the court's discussion of Brian's request. Similarly, the April 20, 2023, minute order memorializing the second hearing indicates that Crystal was sworn and testified. Brian's settled statement does not include a summary of her testimony in the space provided to set forth the testimony of the parties. We are therefore unable to determine whether the references to Crystal's testimony in other sections of Brian's settled statement provide a full summary of her testimony. Under California Rules of Court, rule 8.137(d)(2)(A), we must presume the January 2023 proceedings and Crystal's testimony at the April 2023 hearing both supported the denial of Brian's request for modification.

III.    *Substantial Evidence Supports the Denial of Brian's Request*

Brian's arguments on appeal all stem from the same contention: that he conclusively established a diminished income and earning capacity, and therefore the court was obligated to reduce his child support. But the trial court was not required to accept Brian's representations of his income, assets, and earning capacity. "The trial court sits as a trier of fact on a motion to modify child support. '[A] trier of fact may believe and accept as true only part of a witness's testimony and disregard the rest.' [Citations.]" (*In re Marriage of Calcaterra & Badakhsh, supra,* 132 Cal.App.4th at p. 36.) Where "a document is prepared by the witness or at his direction, the same rule

12

applies." (*Ibid*.) This is particularly true for "a self-employed parent like [Brian], who controls how income is reported and is responsible for distinguishing between personal expenses and business expenses that would reduce available income for child support." (*Swan v. Hatchett* (2023) 92 Cal.App.5th 1206, 1215.) The court was not required to credit Brian's testimony or income and expense declaration as conclusively establishing a change in his ability to satisfy his child support obligations.

From the scant record before us, it appears there were issues of credibility regarding Brian's evidence of diminished earning capacity. For example, Brian's second request for modification claimed he was only receiving $6,338 per month in income from his rental properties. Yet, after the court took issue with Brian's income and expense declaration at the unreported January 2023 hearing, Brian filed a new income and expense declaration stating he was receiving $12,669 per month in income from his rental properties. In other words, once the trial court questioned the validity of Brian's reported rental income, that monthly income somehow doubled. Brian offered no explanation for this substantial difference in his reported income. The court could have rightly viewed Brian's representations of his financial condition with skepticism given this dramatic and unexplained discrepancy in his reported income. Indeed, Brian's settled statement indicates the court determined Brian's income and expense declaration was not credible.

Similarly, while Brian claimed he was diligent in attempting to find reemployment, the majority of the evidence he submitted on this point was from March 2022 and thus pre-dated the hearing on his first request for modification. (*In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 47 ["[I]f the circumstances in question existed at the time of the previous order those

13

circumstances presumably were considered when the previous order was made and bringing them to the court's attention years later does not constitute a 'change' in the circumstances"].)  This evidence could have also given rise to credibility concerns about the sincerity of Brian's purported attempts to find new employment, particularly in light of the fact that Brian admitted that he received—and rejected—a job offer in July 2022.

Crystal filed a declaration in opposition to Brian's request for modification stating that Brian was hiding assets, building a multi-million-dollar home, and significantly increasing his real estate holdings while at the same time claiming he lacked the ability to financially support his children.  Brian's settled statement also indicates Crystal offered testimony that Brian had more than $3.5 million in assets to pay child support.  There is no indication in the record that Brian ever disputed or rebutted Crystal's testimony on these points.  Brian simply ignores this contrary evidence in his brief.

The court was not required to believe Brian or credit his evidence and instead could have credited the testimony presented in Crystal's declaration or her testimony at the April 20, 2023, hearing.  We will not reweigh these credibility determinations on appeal.  (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 12; *Eidsmore v. RBB, Inc.* (1994) 25 Cal.App.4th 189, 195.)  As the party seeking modification, Brian bore the burden of establishing a change of circumstances justifying modification.  (*Usher, supra*, 6 Cal.App.5th at pp. 357–358.)  If Brian failed to provide credible evidence establishing a change of circumstances, then he could not have carried his burden below.

Ultimately, we need not speculate as to the court's reasoning in denying Brian's request.  Having determined there is substantial evidence supporting the denial, we affirm.  (*Schabarum v. California Legislature*

14

(1998) 60 Cal.App.4th 1205, 1216 ["It is established that on appeal we review the decision of the trial court rather than its reasoning"].)

IV.  *Brian's Remaining Claims of Error*

For the reasons set forth below, we find Brian's other claims of error are unpersuasive in establishing any abuse of discretion by the trial court.

1.  *Family Code Section 4056, Subdivision (b)*

Brian contends the trial court erred in failing to respond to his May 2023 request for disclosure pursuant to section 4056, subdivision (b).  The record before us is insufficient to establish any such error.

Section 4056, subdivision (b) provides: "At the request of any party, the court shall state in writing or on the record the following information used in determining the guideline amount under this article: [¶] (1) The net monthly disposable income of each parent.  [¶]  (2) The actual federal income tax filing status of each parent (for example, single, married, married filing separately, or head of household and number of exemptions).  [¶]  (3) Deductions from gross income for each parent.  [¶]  (4) The approximate percentage of time pursuant to paragraph (1) of subdivision (b) of Section 4055 that each parent has primary physical responsibility for the children compared to the other parent."

By its express terms, section 4056, subdivision (b) only applies where the court calculates guideline support.  The record before us does not suggest that the trial court recalculated guideline support in denying Brian's request for modification.  The November 2021 judgment which first established Brian's child support obligation indicates the court fully complied with section 4056 in calculating guideline support: "The Court used DissoMaster™

15

to calculate guideline child support and a copy of the DissoMaster™ report is attached as Exhibit A.  The DissoMaster™ report sets forth the financial circumstances of the parties used to determine guideline child support and is intended to comply with the provisions of Fam. Code § 4056(b)."  The report attached as Exhibit A to the judgment provides the four categories of information required by section 4056, subdivision (b).  The trial court thus made the disclosures contemplated by subdivision (b) more than a year before Brian filed his May 2023 demand for these disclosures.  Brian's claim to the contrary is unsupported by the record.

As Brian has not established that the court recalculated guideline support in connection with his second request for modification, he cannot show the court was required to provide any additional disclosures pursuant to section 4056.

### 2.    *Improper Rate of Return*

Brian claims the trial court improperly imputed a 27 percent rate of return on his investments.  This claim also finds no support in the record.  Nothing in the court's January 2023 or April 2023 orders or Brian's settled statements indicates the court imputed such a rate of return on his investments.  At most, Brian's settled statement indicates that he made this claim at the hearing, but nothing in the settled statement suggests the court made such a determination.  We therefore reject this contention.

### 3.    *Required Sale of Real Property*

The same is true of Brian's claim that the trial court ordered him to sell real property.  No such order exists in the record before us.  The trial court's January 2023 and April 2023 orders do not direct or require Brian to sell real

16

property. Brian's settled statement indicates that he asked the court "if he should sell property to pay support" and the court "answered yes." A statement that Brian "should" sell property is not a requirement to do so. (See, e.g., *Kucera v. Lizza* (1997) 59 Cal.App.4th 1141, 1152 [the words "may" and "should" are ordinarily permissive]; *Boam v. Trident Financial Corp.* (1992) 6 Cal.App.4th 738, 745, fn. 6 ["should" used in the present or future tense, while more forceful than "may," can convey only a moral obligation or strong recommendation]; *Environmental Law Foundation v. State Water Resources Control Bd.* (2023) 89 Cal.App.5th 451, 477–478 ["should" cannot be read as synonymous with "must"]; *U.S. v. Marcucci* (9th Cir. 2002) 299 F.3d 1156, 1159 [unlike "shall" or "must," the word "should" leaves discretion to do otherwise].)

As Brian cannot establish he was ordered to sell real property to satisfy his support obligations, this argument must necessarily fail.

## DISPOSITION

The order denying Brian's second request for modification of child support is affirmed. The parties are to bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

We concur:

CURREY, P. J.                    MORI, J.

17